## GRIMM CONSTRUCTION CO., INC., Plaintiff–Appellant,

v.

## The DENVER BOARD OF WATER COMMISSIONERS; and the City and County of Denver, State of Colorado, a municipal corporation, Defendants–Appellees.

No. 91CA1108.

Colorado Court of Appeals, Div. III.

June 18, 1992.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, § 5(3),

and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

Wells, Love & Scoby, David A. McKinley, Boulder, for plaintiff-appellant.

Michael L. Walker and Hulbert E. Reichelt, Denver, for defendant-appellee Denver Bd. of Water Com'rs.

Daniel E. Muse, City Atty., Robert M. Kelly and Karen A. Aviles, Asst. City Attys., Denver, for defendant-appellee City and County of Denver.

Opinion by Judge METZGER.

In this action to recover excess costs for completing a construction contract, plaintiff, Grimm Construction Co., Inc., appeals from the summary judgment dismissing its complaint against the City and County of Denver (the City) and the City's Board of Water Commissioners (the Board). We affirm in part, reverse in part, and remand for further proceedings.

As pertinent here, the complaint alleged that, in March 1988, the Board awarded a contract to plaintiff for the replacement of two underground conduits near Alameda Avenue and Federal Boulevard in Denver. It further alleged that, after the contract was awarded, the City's traffic department imposed restrictions and requirements which interfered with plaintiff's contractu-

al performance and severely increased plaintiff's costs to complete the project. According to the complaint, the Board breached its contractual duty to plaintiff by failing to disclose material information concerning the traffic requirements to prospective bidders before awarding the contract.

After both defendants had answered the complaint, the City filed a motion for summary judgment. In its motion, the City noted that approval of traffic plans was within the jurisdiction of the Transportation Division of the City's Department of Public Works. It then asserted that, because the plaintiff's contract was solely with the Board and because the City and the Board were separate entities, plaintiff's claims against the City lay in tort. Therefore, it argued that the City was immune from any liability.

The Board then filed a motion to dismiss, asserting that plaintiff had failed to give timely notice of its claim for a price adjustment in accordance with the contract's provisions.

After considering the pleadings, motions, responses, and other documents submitted in connection with the motions, the trial court granted the motion for summary judgment and dismissed all claims against both defendants, with prejudice.

## I.

Plaintiff first contends that the trial court erred in concluding that all of its claims could lie in tort and that, therefore, both defendants were immune from liability pursuant to the Colorado Governmental Immunity Act, § 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A). We agree in part.

### A.

The Colorado Governmental Immunity Act provides, in relevant part, that a public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort unless the injury is among those for which immunity has been expressly waived. Section 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A). Neither party argues that plaintiff's injuries fall within any of the categories enumerated in § 24–10–106(1) for which there is deemed to be a waiver of immunity.

■ An action for interference with the performance of a contract lies in tort, and an essential element of this tort is the existence of a contract between the plaintiff and a third party. *See Carman v. Heber*, 43 Colo.App. 5, 601 P.2d 646 (1979).

■ Here, excerpts from the City Charter establish that the Board is independently vested with the authority to construct and operate a waterworks system, to enter into its own contracts, and to defend and initiate litigation. In addition, defendants filed an uncontroverted affidavit from the City's Deputy Director of Public Works stating that the City was not a party to the contract.

In view of the Board's specific charter authority to enter into its own contracts for construction of waterworks without review or approval by the City's governing authority, we conclude that, for purposes of this case, the Board was a separate entity.

Accordingly, the trial court properly determined that plaintiff's claims against the City for contractual interference lay in tort and that, therefore, the City was immune from such claims.

Thus, we affirm the summary judgment insofar as it determined that plaintiff's claims against the City were barred by the Colorado Governmental Immunity Act.

### B.

■ The Colorado Governmental Immunity Act was not intended to apply to contract actions. *State Personnel Board v. Lloyd*, 752 P.2d 559 (Colo.1988). Thus, with respect to the contract claims against the Board, entry of summary judgment was improper because the Board is not immune from liability pursuant to § 24–10–106(1). *See State Personnel Board v. Lloyd, supra; Jardel Enterprises, Inc. v. Triconsultants, Inc.*, 770 P.2d 1301 (Colo.App.1988) (claim for economic loss on contract should not be translatable into a tort action).

## II.

Plaintiff also contends that the trial court erred in granting summary judgment in favor of the Board based upon the court's determination that plaintiff had failed to comply with the contractual time limit for giving notice of price adjustments. In support of this contention, plaintiff argues that genuine issues of material fact existed whether the Board had waived the contractual time limit. We agree.

■ Summary judgment is a drastic remedy and should be granted only upon a clear showing that there is no genuine issue as to any material fact and that all legal prerequisites are clearly established. In determining whether summary judgment is proper, the non-moving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts, and all doubts must be resolved against the moving party. *Peterson v. Halsted,* 829 P.2d 373 (Colo.1992).

■ A waiver consists of the voluntary relinquishment of a known right, *Western Cities Broadcasting, Inc. v. Schueller,* 830 P.2d 1074 (Colo.App.1991), and the issue of waiver is generally a matter for factual determination by the trial court. *Vessels Oil & Gas Co. v. Coastal Refining & Marketing, Inc.,* 764 P.2d 391 (Colo.App.1988). Similarly, the issue of a party's intent is a question of fact and is generally not appropriate for summary disposition. *Wolther v. Schaarschmidt,* 738 P.2d 25 (Colo.App.1986).

■ Here, it was undisputed that the contract contained the following provision:

Any claim for an increase or decrease in the Contract Price shall be based on written notice delivered by the party making the claim to the other party promptly (but in no event later than 30 days) after the occurrence of the event giving rise to the claim and stating the general nature of the claim.... Notice of the amount of the claim with supporting data shall be delivered within 60 days after such occurrence *(unless ENGINEER allows in writing an additional period of time to ascertain more accurate data in support of the claim)* and shall be accompanied by claimant's written statement that the amount claimed covers all known amounts (direct, indirect and consequential) to which the claimant is entitled as a result of the occurrence of said event. (emphasis supplied)

Plaintiff acknowledged that it learned in late May 1988 of the difficulties caused by the City's restrictive traffic plan and that it did not file official written notice of its claim with the Board until the project's completion in January 1989.

In support of its waiver argument, however, plaintiff submitted two affidavits and a deposition excerpt stating that the Board was aware throughout the project of the construction difficulties caused by the traffic plan. In addition, plaintiff submitted copies of correspondence with the Board concerning the claim. In response to plaintiff's request for a Change Order, the Board Project Manager's letter dated January 19, 1989, contained the following language:

It is our desire to grant you an extension of time to avoid charging liquidated damages. If, in fact, the items mentioned in your suggested addition to the change order did add costs to the project, which could not be anticipated and/or were caused by inaccuracies or omissions in the plans and specifications, we are willing to give them further consideration. Since the project is essentially complete at this time, it is reasonable to assume that any such costs can now be accurately determined and could be made a part of the time extension change order if mutual agreement as to the amount and reasonableness can be reached.

In addition, a letter from plaintiff to the Board dated February 17, 1989, contained the following statement:

Confirming our telephone conversation today, the attached information on Change Order #4 informs you of the nature of our claim. You have agreed to permit us additional time to finalize the cost information as permitted by Paragraph 11.2 of the General Conditions. By acknowledging your permitting us ad-

ditional time, we understand that you are not, in any way, acknowledging the validity of the claim.

We will complete our analysis as quickly as possible. We understand you have set aside a tentative meeting date of March 3, 1989, to review our claim. Thank you for your consideration.

It is undisputed that the Board later held a hearing to consider plaintiff's claim.

Given these circumstances, we conclude that genuine issues of material fact exist concerning whether the Board waived strict compliance with the notice requirement for submitting price adjustments. Accordingly, summary judgment was improperly granted on this issue. *See Casebolt v. Cowan*, 829 P.2d 352 (Colo.1992).

The portion of the summary judgment dismissing the tort claims against the City is affirmed. The portion of the summary judgment dismissing plaintiff's contract claims against the Board is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

REED and MARQUEZ, JJ., concur.