Arlin D. LEHMAN; Pulmonary Data Services of America, Inc., a Colorado Corporation; M & J Medical, Inc., a Colorado corporation; Oliver & Associates; and Sunshine Acres, Ltd., a Colorado corporation, Plaintiffs–Appellants,

v.

CITY OF LOUISVILLE,
Defendant–Appellee.

No. 91CA1259.

Colorado Court of Appeals,
Div. I.

Nov. 19, 1992.

As Modified on Denial of Rehearing
Jan. 7, 1993.

Certiorari Denied Aug. 23, 1993.

John A. Meininger, Denver, for plaintiffs-appellants.

Weller, Freidrich, Ward & Andrew, Steven L. Heisdorffer, Edward J. Godin, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiffs, Arlin D. Lehman; Pulmonary Data Services of America, Inc.; M & J Medical, Inc.; Oliver and Associates; and Sunshine Acres, Ltd., appeal the trial court's dismissal of their claim against defendant, City of Louisville, based upon the Colorado Governmental Immunity Act. Plaintiffs also appeal the trial court's refusal to grant leave to amend their amended complaint. We affirm.

In 1988, plaintiffs considered purchasing an historic church in the City of Louisville to use as a residence for Lehman family members and as a business that was to be operated by persons other than members of the Lehman family. Plaintiffs allege that they communicated the intended use to the Director of Community Development for the city prior to purchasing the property and were informed that their intended use of the church was permitted under the existing zoning code. Plaintiffs further allege that they relied upon the director's representations in purchasing and subsequently renovating the property.

Louisville Municipal Code § 17.08.225 provides:

> [H]ome occupation means an occupation carried on in the dwelling ... by members of the family occupying the dwelling, with no servant, employee, or other person being engaged.

The City Administrator determined that, by using non-family members, the intended business violated the zoning ordinance. In response to that determination, plaintiffs filed this action, grounded in estoppel, seeking damages and injunctive relief. The district court dismissed plaintiffs' complaint based on the Colorado Governmental Immunity Act, whereupon plaintiffs amended their complaint by asserting additional claims based on 42 U.S.C. § 1983.

Defendant then removed the proceedings to the U.S. District Court for the District of Colorado. That court dismissed the § 1983 claims and remanded the pendent estoppel claim to the state district court. The U.S. Court of Appeals for the Tenth Circuit affirmed the dismissal of the § 1983 claims. *Lehman v. City of Louisville*, 967 F.2d 1474 (10th Cir.1992).

On remand, the trial court again granted defendant's motion to dismiss based on the Governmental Immunity Act and denied plaintiffs' motion for further amendment, thereby refusing to hear plaintiffs' claim that the Colorado Governmental Immunity Act was unconstitutional as applied. From that judgment, plaintiffs appeal.

## I.

Plaintiffs first contend that their claim is based upon common law estoppel, which is not a tort, and therefore is not barred by the Colorado Governmental Immunity Act. We disagree.

The Colorado Governmental Immunity Act § 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A) provides that: "[A] public entity shall be immune from liability in all claims for injury which *lie in tort or could lie in tort* regardless of whether that may be the type of action or the form of relief chosen by the claimant...." (emphasis supplied) The exceptions to this immunity, enumerated in the statute, do not apply to the facts here.

The General Assembly enacted the Colorado Governmental Immunity Act specifically to recognize that the state and its political subdivisions provide essential public services which would be unduly hampered by the imposition of unlimited tort liability. Further, in evaluating a claim in

relation to the Colorado Governmental Immunity Act, the question is not how the plaintiff characterizes its claim but whether the claim is a tort claim or *could be a tort claim.* *See City & County of Denver v. Desert Truck Sales,* 837 P.2d 759 (Colo. 1992).

Consequently, the question before us is whether plaintiffs' claim, characterized by them as estoppel, is actually a tort or could lie in tort, as contemplated by the Act. We conclude that such is the case.

We do not here determine that all estoppel claims could lie in tort, we note that our supreme court, in an action for damages, has concluded that: "[E]stoppel is fundamentally a tort theory, based upon a misrepresentation of facts...." *Franks v. Aurora,* 147 Colo. 25, 31, 362 P.2d 561, 564 (1961).

Colorado courts have long recognized claims against municipalities for equitable relief based upon estoppel. *See Denver v. Stackhouse,* 135 Colo. 289, 310 P.2d 296 (1957). Even after the adoption, in 1986, of the present form of the Governmental Immunity Act, which provides immunity not only against claims sounding in tort but also those which could lie in tort, Colorado courts continued to recognize estoppel claims against municipalities. *See Jones v. City of Aurora,* 772 P.2d 645 (Colo.App. 1988) (damages awarded in a zoning dispute). However, the present action appears to be the first instance in which the Governmental Immunity Act was interposed to bar a claim based upon estoppel.

In *Desert Truck Sales, Inc., supra,* the supreme court looked beyond the characterization of a replevin claim and determined that, under the operative facts, such claim was a tort for purposes of the Act. Here, an analysis of the facts leads us to a similar conclusion.

Plaintiffs claim that they relied to their detriment upon a misrepresentation made by a city official. The essence of such a claim is either a negligent or intentional misrepresentation and, thus, it could lie in tort. We, therefore, conclude that the trial court correctly determined that plaintiffs' claim was barred by the Governmental Immunity Act.

## II.

Plaintiffs next contend that the trial court abused its discretion in denying leave to amend their amended complaint in order to assert an additional claim that the Colorado Governmental Immunity Act is unconstitutional as applied to them. We again disagree.

Plaintiffs argue that application of the Colorado Governmental Immunity Act denied their access to the courts as guaranteed by Colo. Const. art II, § 6, and, further, claim that they have been denied a property right under Colo. Const. art. II, § 3. We are limited to consideration whether the district court abused its discretion in denying plaintiffs' motion; we do not determine the constitutional issue.

A trial court does not err if it denies a motion to amend which is futile. *Conrad v. Imatani,* 724 P.2d 89 (Colo.App.1986). Such is the case here, and thus, the trial court did not abuse its discretion.

The judgment is affirmed.

DAVIDSON and BRIGGS, JJ., concur.