Jimmie Sue ELLIOTT, individually as heir and beneficiary of Norman L. Elliott, deceased, Plaintiff–Appellant,

v.

COLORADO DEPARTMENT OF COR-RECTIONS, Public Employees' Retire-ment Association of Colorado, and the State of Colorado, Defendants–Appel-lees.

No. 92CA0750.

Colorado Court of Appeals, Div. III.

March 25, 1993.

Rehearing Denied May 13, 1993.

Certiorari Denied Jan. 10, 1994.

Smith, Billups & Vigna, Kenneth R. Billups, Pueblo, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jane R. Christman, First Asst. Atty. Gen., Denver, for defendants-appellees Dept. of Corrections and the State of CO.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric R. Decator, Asst. Atty. Gen., Denver, for defendant-appellee Public Employees' Retirement Ass'n.

Opinion by Chief Judge STERNBERG.

In this action for breach of an alleged agreement to obtain the issuance of life insurance policies, plaintiff, Jimmie Sue Elliott, as heir and beneficiary of Norman L. Elliott, deceased, appeals from the judgment which dismissed her complaint against defendants, the Colorado Department of Corrections (DOC), Public Employees' Retirement Association of Colorado (PERA), and the State of Colorado. We affirm in part and reverse in part.

The complaint's first claim for relief was for breach of contract. It alleged that both DOC, who was decedent's employer, and PERA, an employee benefit organization, were public entities within the State of Colorado. It further alleged that on or about November 8, 1988, decedent enrolled in two separate life insurance plans which were offered as an employment benefit through PERA. Attached to the complaint were copies of the signed enrollment forms which authorized DOC to deduct contributions from the decedent's paycheck for the payment of insurance premiums.

The complaint alleged that, pursuant to the agreement, DOC began deducting the authorized amounts from decedent's monthly pay.

Finally, the complaint alleged that although defendants retained the premiums paid by decedent, they failed to deliver the policies to decedent or to pay plaintiff the policy proceeds upon demand.

Plaintiff's second and third claims for relief requested damages for defendants' alleged negligence in failing to obtain life insurance coverage, failing to continue the decedent's payroll deductions, and failing to notify him of the discontinuance.

The DOC and the State of Colorado filed a C.R.C.P. 12(b)(5), motion to dismiss the complaint, asserting that plaintiff's claims were barred by the doctrine of sovereign immunity.

PERA filed an answer in which it admitted it had paid no monies to plaintiff and denied any breach of contract. It further denied that it had negligently failed to obtain coverage or that its actions caused any loss of coverage to plaintiff. Among other defenses, it asserted the doctrine of sovereign immunity.

Plaintiff filed a response to DOC's motion in which she asserted that claims for breach of contract were outside the scope of sovereign immunity. DOC filed a reply brief asserting that, because plaintiff's claims could lie in tort, they were barred by § 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A).

Subsequently, pursuant to C.R.C.P. 12(b), PERA filed a motion to dismiss which incorporated the terms of DOC's motion and asserted sovereign immunity as a bar to plaintiff's claims.

The trial court granted the motions to dismiss. In so ruling, the court stated that: "[A]lthough an argument can be made that plaintiff's claim is quasi-contractual in nature, it is certainly a claim that sounds in tort and which could lie in tort." Accordingly, because no waiver of immunity for plaintiff's type of injury was specified in § 24–10–106, C.R.S. (1988 Repl.Vol. 10A), the action was dismissed.

Plaintiff contends that the trial court erred in concluding that her breach of contract claim was barred by § 24–10–106(1). She concedes that she will have the burden of

proving the existence of the alleged contract, but argues that she should have that opportunity at trial. We agree.

■ The Colorado Governmental Immunity Act provides that, with certain statutory exceptions, a public entity is immune from liability in all claims for injury which lie in tort or could lie in tort, regardless of whether that may be the type of action or form of relief chosen by the claimant. Section 24–10–106(1). However, the Colorado Governmental Immunity Act was not intended to apply to contract actions. *State Personnel Board v. Lloyd,* 752 P.2d 559 (Colo.1988); *Grimm Construction Co. v. Denver Board of Water Commissioners,* 835 P.2d 599 (Colo. App.1992).

■ Thus, we must examine the substance of plaintiff's breach of contract claim to determine whether it arose from the terms of the alleged contract or whether it could lie in tort. *Morrison v. City of Aurora,* 745 P.2d 1042 (Colo.App.1987). If, under *Grimm* and *Morrison,* the claims are for breach of obligations which arose from the terms of a contract, the public entity is not immune.

■ A statute may create contractual obligations when its language and the surrounding circumstances manifest a legislative intent to create private contractual rights enforceable against the state. *See Colorado Springs Fire Fighters Ass'n v. City of Colorado Springs,* 784 P.2d 766 (Colo.1989). *See also Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987) (employee may be entitled to relief under ordinary contract principles if he can demonstrate that in promulgating certain procedures the employer was making an offer to the employee and that the employee's assent constituted acceptance of and consideration for those procedures).

Pursuant to statute, a state employee may become enrolled in a group insurance or supplemental plan upon commencement of state employment by making application within 30 days. Sections 10–8–207(1), C.R.S. (1992 Cum.Supp.); 24–51–1301, C.R.S. (1988 Repl.Vol. 10B). The amount of monthly contributions to be made by employees enrolled in a group insurance plan is to be deducted from such employees' monthly salaries. Sections 10–8–212(1), C.R.S. (1992 Cum.Supp.); 24–51–1302(1), C.R.S. (1988 Repl.Vol. 10B). The head of each state agency or department having employees enrolled in a group insurance plan must make a monthly payment for each employee so enrolled. Section 10–8–213(1), C.R.S. (1992 Cum.Supp.). Finally, members who have elected group life insurance coverage must be notified sixty days prior to any change in coverage or discontinuance. Section 24–51–1301(1), C.R.S. (1988 Repl.Vol. 10B).

The General Assembly has declared that its purpose in adopting these provisions was to enable the state to attract and retain qualified employees by providing group insurance benefits similar to those commonly provided in private industry. Section 10–8–202(1)(a), C.R.S. (1987 Repl. Vol. 4A).

■ When ruling upon a motion to dismiss a complaint for failure to state a claim, the trial court, and this court on review, must view the allegations of the complaint in a light most favorable to the plaintiff and must accept the factual allegations as true. *Bell v. Arnold,* 175 Colo. 277, 281, 487 P.2d 545 (1971). Further, under C.R.C.P. 8(a), a complaint need not express a complete recitation of all the facts which support the claim but need only serve notice of the claim asserted. *Eliminator, Inc. v. 4700 Holly Corp.,* 681 P.2d 536 (Colo.App.1984). Finally, a complaint may not be dismissed for failure to state a claim unless it appears that the plaintiff is entitled to no relief under any statement of facts which may be proved in support of the claim. *Douglas County National Bank v. Pfeiff,* 809 P.2d 1100 (Colo.App. 1991).

■ Here, the complaint alleged the existence of a contract, and copies of the decedent's enrollment forms were filed with the complaint. The complaint further alleged that DOC began deducting insurance premiums from the decedent's paycheck. However, further discovery was suspended at DOC's request pursuant to § 24–10–108, C.R.S. (1988 Repl.Vol. 10A).

We conclude that, given the statutory scheme and purpose for providing group life

insurance to state employees, coupled with the surrounding circumstances of decedent's enrollment in and contribution to the plans and the statutory requirement that notice of discontinuance be furnished, a private contractual right enforceable against defendants may exist. That determination can be made only upon an evaluation of all relevant evidentiary circumstances pertaining to the application and insuring process. Further, viewing the allegations and attachments in the light most favorable to plaintiff, we conclude that the claim for breach of contract was sufficient to state a claim which was not barred by sovereign immunity. *See Grimm Construction Co. v. Denver Board of Water Commissioners, supra.*

Accordingly, the portion of the judgment dismissing plaintiff's negligence claims against defendants is affirmed. The portion of the judgment dismissing plaintiff's breach of contract claim against defendants is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

CRISWELL and NEY, JJ., concur.