Richard W. BRACE, Plaintiff–Appellee,

v.

The CITY OF LAKEWOOD, a Colorado municipal corporation; Walter C. Kane, individually and in his official capacity as City Manager; James M. Zelenski, individually and in his official capacity as Assistant City Manager; and Linda Shaw, Gordon Garrett, Norma Beard, David Larkin, Linda Morton, Tom Leadabrand, Harold Scatterday, Dennis Mateski, and Kathy Stapleton, in their official capacities as members of the City Council, City of Lakewood, Colorado, Defendants–Appellants.

No. 93CA2050.

Colorado Court of Appeals, Div. A.

Jan. 12, 1995.

Rehearing Denied Feb. 16, 1995.

Certiorari Granted July 31, 1995.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

David M. Herrera, Fort Collins, for plaintiff-appellee.

Watson, Nathan & Bremer, P.C., Christina M. Habas, Denver, for defendants-appellants.

Opinion by Chief Judge STERNBERG.

Defendants, the City of Lakewood and several of its officials in their official and individual capacities, bring this appeal from those portions of a partial summary judgment order which denied their request to dismiss contractual, promissory estoppel, constitutional, and federal civil rights claims filed by plaintiff, Richard W. Brace. We dismiss the appeal without prejudice for lack of a final, appealable judgment.

The complaint alleged that plaintiff was an employee of the City of Lakewood from 1983 until his suspension and termination in 1991. Plaintiff alleged that in April 1991, the city manager directed him to accomplish a transfer from the City of Lakewood's bond allocation fund that plaintiff and his immediate supervisor perceived to constitute an unlawful conflict of interest. They reported the city manager's instruction to the city attorney in May 1991.

According to the complaint, in September 1991, the City of Lakewood passed an ordinance purporting to eliminate the rights of certain city employees, including plaintiff, to a showing of cause before termination of employment and further eliminating any right of appeal in employment termination cases. Plaintiff alleged that he was suspended without notice in October 1991, and that his employment was wrongfully terminated in November 1991. He further alleged that his discharge was an unlawful attempt at retribution in retaliation for his disclosure of the possible conflict of interest.

The complaint stated thirteen claims for relief. The first four claims were based upon an alleged breach of plaintiff's contract and upon the doctrine of promissory estoppel in connection with the suspension and termination. Three additional claims based in tort were asserted for wrongful discharge, tortious interference with contract, and intentional infliction of emotional distress. The remaining claims asserted violations of 42 U.S.C. § 1983 (1988) and various constitutional rights including procedural due process.

Defendants filed an answer which asserted, among other defenses, that plaintiff's tort claims were barred by the Colorado Governmental Immunity Act. In addition, the individual defendants asserted that they had acted in good faith and were entitled to qualified immunity with respect to the constitutional claims and the alleged violations of § 1983.

Defendants also filed a motion for summary judgment, with a supporting brief, urging that there were no genuine issues of material fact and that defendants were entitled to judgment as a matter of law on all claims. Plaintiff filed a responsive brief in opposition to the motion, and defendants filed a reply.

Based upon the parties' submissions, the trial court determined that genuine issues of material fact existed with respect to plaintiff's contractual and promissory estoppel claims and that summary judgment was therefore inappropriate as to those claims.

The court further determined that plaintiff's tort claims for wrongful discharge, intentional infliction of emotional distress, and tortious interference with contract, were barred by the Colorado Governmental Immunity Act with respect to defendant City of Lakewood only. With respect to the individual defendants' claims of immunity, the trial court determined that questions of material fact on the willful and wanton issue precluded entry of summary judgment.

The trial court also dismissed plaintiff's claim for intentional infliction of emotional distress against all defendants, concluding that the exclusivity provisions of the Colorado Workers' Compensation Act barred recovery. Finally, the trial court determined that genuine issues of material fact precluded summary judgment with respect to the constitutional and § 1983 claims.

No certification of the partial summary judgment pursuant to C.R.C.P. 54(b) was requested or entered.

## I.

Defendants contend, in essence, that this court may and should decide the claims arising under state law on the merits based upon a 1992 amendment to the Colorado Governmental Immunity Act. Defendants further assert that plaintiff's claims for breach of contract and promissory estoppel could lie in tort and that, therefore, the denial of defendants' motion for summary judgment as to those claims is subject to appellate review. We disagree with both contentions.

### A.

■ With exceptions not pertinent here, this court's jurisdiction is limited to the review of final judgments. See C.A.R. 1(a)(1). Further, the denial of a motion for summary judgment is generally not an appealable order because it does not put an end to the litigation. See Glennon Heights, Inc. v. Central Bank & Trust, 658 P.2d 872 (Colo.1983); see also Manuel v. Fort Collins Newspapers, Inc., 631 P.2d 1114 (Colo.1981).

Section 24–10–108, C.R.S. (1994 Cum. Supp.) provides as follows:

Except as provided in sections 24–10–104 to 24–10–106, sovereign immunity shall be a bar to any action against a public entity for injury which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant. If a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion. *The court's decision on such motion shall be a final judgment and shall be subject to interlocutory appeal.* (emphasis added)

A similar amendment to § 24–10–118(2.5), C.R.S. (1994 Cum.Supp.) provides that when a public employee raises the sovereign immunity issue, the court's resolution of that issue shall be a "final judgment" subject to interlocutory appeal.

■ In analyzing the nature and effect of the 1992 amendments, our primary task is to ascertain and give effect to the legislative purpose underlying the statutory enactment. See Woodsmall v. Regional Transportation District, 800 P.2d 63 (Colo.1990). To ascertain that intent, statutory terms should be given effect according to their plain and ordinary meaning. Bertrand v. Board of County Commissioners, 872 P.2d 223 (Colo.1994).

■ Applying these principles to the case before us, we conclude that a limited exception to the general prohibition against interlocutory appeals was legislatively created for determinations of sovereign immunity under the Act. Contrary to defendants' implicit contention, however, we are unable to extend this limited statutory exception to the denial of a motion for summary judgment on plaintiff's unresolved state-law claims because that denial was not a decision based upon sovereign immunity.

### B.

■ We also reject defendants' contention that those state-law claims, although framed as contractual claims, could lie in tort and that we have jurisdiction to address the trial court's ruling on this basis.

■ The Colorado Governmental Immunity Act was not intended to apply to contract actions. Grimm Construction Co. v. Denver Board of Water Commissioners, 835 P.2d 599 (Colo.App.1992). Thus, if an examination of the complaint discloses that the claim is based upon the breach of obligations arising from an alleged contract, the public entity is not immune. Elliott v. Colorado Department of Corrections, 865 P.2d 859 (Colo.App.1993).

Here, the complaint alleged that defendants' contractual obligations to plaintiff were created by representations, employee handbooks, personnel manuals, personnel practices, and city ordinances and proclamations.

Under these circumstances, we conclude that the claims were properly pleaded as based upon contract, not tort, and that, therefore, sovereign immunity does not apply. Cf. Sussman v. University of Colorado Health Sciences Center, 706 P.2d 443 (Colo. App.1985) (failure to plead reliance on and violation of employer policies or rules pre-

cluded claim as being a contract claim). Accordingly, the court's order is interlocutory in nature and not subject to appeal. *See Manuel v. Fort Collins Newspapers, Inc., supra.*

## C.

■ Relying on *Lehman v. City of Louisville*, 857 P.2d 455 (Colo.App.1992), defendants also contend that the trial court erred in rejecting their argument that sovereign immunity was a bar to plaintiff's promissory estoppel claims and that, therefore, the court's order is appealable. Again, we disagree.

In *Lehman*, a division of this court concluded that, because the essence of the plaintiff's equitable estoppel claim was either a negligent or an intentional misrepresentation, the claim could lie in tort and was therefore barred under the Governmental Immunity Act. *See also Olsen & Brown v. City of Englewood*, 867 P.2d 96 (Colo.App. 1993).

■ The doctrine of promissory estoppel, however, is founded upon the existence of a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee and which does induce such action or forbearance. *Kiely v. St. Germain*, 670 P.2d 764 (Colo.1983). Further, the doctrine may be applied to prevent injustice in cases in which there has not been mutual agreement by the parties on all essential terms of a contract. *Vigoda v. Denver Urban Renewal Authority*, 646 P.2d 900 (Colo.1982).

Here, the complaint alleged that plaintiff relied to his detriment on defendant City of Lakewood's express policies to suspend or terminate employees only for cause and with an opportunity to respond through an administrative procedure. We conclude that this promissory estoppel claim is properly characterized as one in the nature of a contract claim and that, accordingly, the analysis in *Lehman, supra,* does not apply. Hence, we further conclude that sovereign immunity is not a bar to the claim and that this court lacks jurisdiction to review the trial court's order. *See Elliott v. Colorado Department of Corrections, supra.*

## II.

■ Relying on various decisions from the federal courts, defendants also contend that we must reverse the denial of summary judgment on their assertions of qualified immunity from plaintiff's federal claims. Again, we disagree.

Contrary to defendants' contention, the jurisdiction of this court generally is defined by applicable statute and the Colorado Appellate Rules rather than by federal law. *See* § 13–4–102, C.R.S. (1994 Cum.Supp.); C.A.R. 1(a)(1). On the other hand, we are mindful of United States Supreme Court decisions which have held that states may not establish procedural rules which operate to defeat federal claims. *See Howlett v. Rose*, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). *See also Bauman v. Colorado Department of Health*, 857 P.2d 499 (Colo.App.1993).

Here, however, as previously noted, the trial court made no final determinations with respect to plaintiff's constitutional and § 1983 claims or defendants' assertions of qualified immunity with respect thereto. Instead, it determined only that questions of material fact precluded summary judgment on these issues.

Under these circumstances, we conclude that the trial court's order was not a final, appealable judgment and that this court lacks jurisdiction. *See Manuel v. Fort Collins Newspapers, Inc., supra.* Our conclusion is consistent with federal rules which provide that a denial of a summary judgment, being interlocutory in nature, is not reviewable and that a premature appeal from such an order is subject to dismissal. *See* 28 U.S.C. § 1291 (1988); 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil* § 2715 (2d ed. 1983).

Appeal dismissed.

SMITH and VAN CISE*, JJ., concur.