Lory KOHN and Carla Kohn,
Plaintiffs–Appellees,

v.

The CITY OF BOULDER and Stephen T. Honey in His Official Capacity as the Boulder City Manager, Defendants–Appellants.

No. 94CA2191.

Colorado Court of Appeals,
Div. IV.

Oct. 12, 1995.

Rehearing Denied Dec. 7, 1995.

Certiorari Denied July 1, 1996.

Ronald A. Podboy, Denver, for Plaintiffs–Appellees.

Halaby, Cross, Liechty, Schluter & Buck, Robert M. Liechty, Denver, for Defendants–Appellants.

Opinion by Judge TAUBMAN.

In this governmental immunity case, defendants, City of Boulder and Steven Honey, its city manager, appeal from the trial court's partial denial of their summary judgment motion. We affirm.

The trial court concluded that the following facts were undisputed: Plaintiffs, Lory and Carla Kohn, owned property consisting of four lots in Boulder. The property was platted in 1909 with Lots 1 and 2 as one building site and Lots 3 and 4 as a separate platted site. In the 1940s, a residence was built on Lots 1 and 2, and Lots 3 and 4 remained a side yard. Lots 3 and 4 contain 6,193 square feet.

In 1984, the city added the following provision to its land use regulations:

> Where two or more contiguous nonconforming lots or parcels are held under one ownership, they shall be deemed to be one building lot.

Boulder Revised Code 9–3–1(e). The city did not apply this regulation to nonconforming lots that were larger than 6,000 square feet, but instead relied on a development review process to grant building site status to nonconforming lots of such larger size.

Prior to purchasing the property in 1986, plaintiffs, through their real estate agent, inquired about the building site status of Lots 3 and 4. The city's planning department told plaintiffs that Lots 3 and 4 were a separate building site and could be conveyed apart from Lots 1 and 2 as a nonconforming lot. After receiving this information, plaintiffs purchased the property.

In 1990, Boulder Revised Code 9–3–1(e) was amended as follows:

> Where two or more contiguous nonconforming lots or parcels are held under one ownership, they shall be deemed to be one building lot, unless the owner presents, and the city manager finds, the existence of substantial evidence that the individual nonconforming lots or parcels were held as separate building sites prior to February 8, 1984.

When plaintiffs contacted the planning department for assistance in selling Lots 3 and

4 in 1992, they were told to submit a development review application. Plaintiffs submitted an application, and the planning department requested the city manager to make a finding that substantial evidence existed to find that the individual nonconforming Lots 3 and 4 were held as a separate building site prior to February 8, 1984, and together constituted a single buildable site.

The city manager rejected the plaintiffs' development review application on the grounds that the four lots had been held as one parcel and therefore constituted one building site. The city attorney denied plaintiffs' timely appeal of the city manager's decision, and shortly thereafter the planning department returned plaintiffs' nonconforming review application fee stating that the city had decided to apply an administrative section of the city code.

Plaintiffs sued the city and the city manager, alleging several federal and state constitutional violations and equitable estoppel. After the city removed the action to federal district court, that court dismissed the federal constitutional claims and remanded the two state claims. While their suit was pending in federal court, plaintiffs sold the four lots for a price higher than their purchase price.

On remand, the trial court granted defendants' motion for summary judgment on plaintiffs' state constitutional claim, holding that defendants' actions did not deprive plaintiffs of all reasonable use of the property.

As to plaintiffs' equitable estoppel claim, which is the subject of this appeal, the trial court rejected the city's contention that the claim was a tort claim or could be a tort claim and therefore was barred under the Colorado Governmental Immunity Act (GIA), § 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A). The court concluded that plaintiffs were not alleging negligent or intentional misrepresentation but rather were alleging that the city manager should be estopped from applying Boulder Revised Code 9–3–1(e) to plaintiffs' property because of the city's longstanding practice to authorize the conveyance of platted, nonconforming lots containing more than 6,000 square feet as separate building sites.

The court also held the claim involved enforcement of an ordinance rather than the content of an ordinance. Therefore, it ruled that the policy applied in *Lehman v. City of Louisville*, 857 P.2d 455 (Colo.App.1992), of disallowing suit against governmental agencies based on alleged negligent or intentional misrepresentations when pertinent ordinances are available for public study did not apply.

## I. Jurisdiction

■ A show cause order issued by this court required defendants to brief the issue of whether the partial denial of defendants' summary judgment motion is reviewable. We conclude that the partial denial is reviewable because a state statute specifically authorizes an interlocutory appeal.

Here, the denial is reviewable pursuant to § 24–10–108, C.R.S. (1995 Cum.Supp.) because it was based on the point of law that plaintiffs' equitable estoppel claim did not lie in tort and could not lie in tort and, therefore, was not barred by sovereign immunity.

## II. Governmental Immunity and Equitable Estoppel Claims

Defendant argues that the trial court erred in failing to consider whether plaintiffs' equitable estoppel claim either lies in tort because it is a claim for money damages or could lie in tort based on plaintiffs' reliance on defendants' alleged misrepresentations. We perceive no error.

■ A public entity is immune from all claims for injury that lie in tort or could lie in tort. Section 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A). In determining whether sovereign immunity bars a claim, the question is not how a plaintiff characterizes the claim, but whether the claim is a tort claim or could be a tort claim. *Lehman v. City of Louisville, supra.*

■ Although equitable estoppel is not as freely invocable against a municipality as it is against an individual, the doctrine may be applied against a municipality whenever necessary to prevent manifest injustice. *Jafay*

*v. Board of County Commissioners,* 848 P.2d 892 (Colo.1993).

When applicable, equitable estoppel bars a municipality from refusing to satisfy an obligation by taking a position contrary to a previous representation reasonably relied upon by the party dealing with the city to the party's detriment. Whether the circumstances of a particular case reveal a representation and reasonable reliance so as to give rise to equitable estoppel is a question of fact. *P-W Investments, Inc. v. Westminster,* 655 P.2d 1365 (Colo.1982).

An equitable estoppel claim may be founded upon contract principles or, when there is an alleged misrepresentation, upon tort principles. *See Brace v. City of Lakewood,* 899 P.2d 301 (Colo.App.1995) (cert. granted July 31, 1995); *Olsen & Brown v. Englewood,* 867 P.2d 96 (Colo.App.1993), *aff'd on other grounds,* 889 P.2d 673 (1995).

The trial court determined that it was undisputed that the planning department assured plaintiffs that Lots 3 and 4 constituted a separate building site, that this assurance was consistent with the city's established practice and policy with respect to lots of the type at issue, and that the planning department similarly informed another prospective purchaser of the property that Lots 3 and 4 were a separate building site.

Given these facts, we consider the essence of plaintiffs' claim not to be a misrepresentation of the city policy, but rather their reliance on representations as to the city's actual policy. Hence, we agree with the trial court's assessment that plaintiffs' claim does not or could not lie in tort.

### A.

Defendants contend that plaintiffs' claim lies in tort because plaintiffs, having sold the property, no longer have an interest in equitable relief, and therefore, their only remedy is monetary damages which is a tort remedy. We are not persuaded.

A court sitting in equity has the inherent power to award actual damages under certain circumstances in order to fulfill the equitable remedy. *Miller v. Kaiser,* 164 Colo. 206, 433 P.2d 772 (1967); *see Jones v. City of Aurora,* 772 P.2d 645 (Colo.App.1988) (trial court awarded compensatory damages as equitable remedy in estoppel claim against municipality). Where a change in circumstances alters the posture of the case, equity may fashion a remedy to effect justice suitable to the circumstances. *Rice v. Hilty,* 38 Colo.App. 338, 559 P.2d 725 (1976).

Hence, although the court could award compensatory damages as a remedy should plaintiffs be successful on their equitable estoppel claim, such does not necessarily cause their claim to be one lying in tort.

### B.

Defendants assert that *Lehman v. City of Louisville, supra,* supports their argument that plaintiffs' equitable estoppel claim could lie in tort and therefore is barred by the Governmental Immunity Act. We disagree for the reasons persuasively articulated by the trial court.

In *Lehman,* plaintiffs claimed that they relied to their detriment upon a misrepresentation made by a city official, who had informed them that their intended use of their property was permitted under the existing zoning code. However, after purchasing the property, the plaintiffs there were informed that they were violating the zoning code. In *Lehman,* the zoning ordinance was clear on its face and the plaintiffs could have determined from reading the ordinance themselves that they should not have purchased the property. In *Lehman,* additionally, there was no claim that the city had ever allowed uses in direct violation of the ordinance.

Here, by contrast, plaintiffs do not allege that the planning department negligently or intentionally misrepresented anything. Rather, plaintiffs maintain that the city should be estopped from applying the Boulder ordinance to their property because of the city's representation to them of its long-standing practice of authorizing the conveyance of platted, nonconforming lots in excess of 6,000 square feet into separate building sites consistent with the original plat. Further, plaintiffs presented evidence that they

had been informed that it was the city's practice to grant lots separate nonconforming status if they were in excess of 6,000 square feet and otherwise met the requirements of the ordinance. In addition, prior to purchasing the lots, plaintiffs confirmed both the city's practice and that the property would meet the necessary requirements.

We agree with the trial court that *Lehman* is distinguishable because plaintiffs' claim is not based on intentional or negligent misrepresentation. Thus, we hold that plaintiff's equitable estoppel claim is not barred by the GIA and that the trial court therefore properly denied defendants' motion for summary judgment.

### III.

■ Defendants' final contention is that defendant Honey has qualified immunity because plaintiffs failed to allege that he acted willfully and wantonly under § 24–10–118(2)(a), C.R.S. (1995 Cum.Supp.). We disagree.

■ Although the trial court did not address the issue in its ruling, defendants raised this issue in their motion for summary judgment and in their briefs on appeal thereby preserving the issue for appeal. *See McCafferty v. Musat*, 817 P.2d 1039 (Colo. App.1990).

Pursuant to § 24–10–118(2)(a), a willful and wanton act will defeat the immunity granted to a public employee for any claims for injury that lie in tort or could lie in tort. Here, however, because we have determined that plaintiffs' equitable estoppel claim does not lie in tort and could not lie in tort, whether defendant Honey acted willfully and wantonly is irrelevant to the success of plaintiffs' claim.

The judgment is affirmed.

NEY and KAPELKE, JJ., concur.