**BOARD OF COUNTY COMMISSIONERS
OF SUMMIT COUNTY, Petitioner,**

v.

**Kimberly A. DeLOZIER, Respondent.**

No. 95SC305.

Supreme Court of Colorado,
En Banc.

May 28, 1996.

Hall & Evans, L.L.C., Cathy H. Greer, Malcolm S. Mead, Pamela Skelton, Denver, Jeffrey Huntley, County Attorney, Summit County, Breckenridge, for Petitioner.

Gregson and Pixler, P.C., Ronald E. Gregson, Bradley M. Knepper, Denver, for Respondent.

Office of the City Attorney, City of Aurora, Charles H. Richardson, Julia A. Bannon, Aurora, for amicus curiae the City of Aurora.

Schaden, Lampert & Lampert, Brian J. Lampert, Denver, for amicus curiae the Colorado Trial Lawyers Association.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the court of appeals decision in *DeLozier v. Board of County Commissioners*, No. 94CA0736 (Colo. App. Mar. 9, 1995). The court of appeals reversed the trial court's dismissal of the respondent's promissory estoppel claim against the petitioner. We affirm the court of appeals and hold that a promissory estoppel claim is properly characterized as one in the nature of a contract claim and is thus not barred by the Colorado Governmental Immunity Act (the GIA), §§ 24–10–101 to –120, 10A C.R.S. (1988).

### I.

The respondent, Kimberly A. DeLozier (DeLozier), filed a complaint against the petitioner, the Board of County Commissioners of Summit County (the Board), claiming breach of contract and promissory estoppel. The complaint alleged that in November of 1992, the Board's employee, the manager of the Summit County Ambulance Service (the manager), promised DeLozier that the next open paramedic position with the ambulance service would be offered to her. The complaint further alleged that the manager told DeLozier that the next opening would occur in early 1993. Allegedly, in reliance on the manager's promise, DeLozier left her employment in Denver and moved to Summit County in December of 1992. According to the complaint, the ambulance service hired another applicant instead of DeLozier in February of 1993. As a result of the alleged breach of contract, DeLozier claimed damages for moving and other expenses, lost wages and benefits, and emotional distress.

The Board filed a motion for summary judgment, asserting that all of DeLozier's claims were barred by the GIA, because the action could lie in tort and the manager's actions were not among those for which immunity has been statutorily waived. The trial court determined that DeLozier's breach of contract claim was not barred by the GIA, but determined that DeLozier's promissory estoppel claim could lie in tort for purposes of the GIA and was therefore barred by the statute. The trial court therefore dismissed DeLozier's promissory estoppel claim against the Board.

The court of appeals affirmed the trial court's conclusion that DeLozier's breach of contract claim was not barred by the GIA. However, the court of appeals reversed the trial court's dismissal of DeLozier's promissory estoppel claim. The court of appeals held that the promissory estoppel claim was properly characterized as one in the nature of a contract claim and was thus not barred by the GIA.

### II.

The sole issue before us is whether a claim of promissory estoppel may be characterized as a claim that lies in tort or could lie in tort, to which governmental immunity applies pursuant to the GIA. Section 24–10–106(1), 10A C.R.S. (1988), of the GIA provides:

A public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as otherwise provided in this section.

Although the GIA bars claims that lie in tort, the statute does not bar claims that lie in contract. *State Personnel Bd. v. Lloyd*, 752 P.2d 559, 563 (Colo.1988). In resolving whether a plaintiff's claim is barred by the GIA, the question is not how the plaintiff characterizes the claim. *Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759, 764 (Colo. 1992). Rather, "the dispositive question is whether the claim is a tort claim or *could be a tort claim* for purposes of analysis" under the GIA. *Id.* Thus, in determining whether

DeLozier's claim lies in tort, it is not dispositive that her complaint does not explicitly include a claim based in tort. Instead, we must determine whether DeLozier's claim could lie in tort, regardless of her characterization of it as a promissory estoppel claim.

The doctrine of promissory estoppel states:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

*Restatement (Second) of Contracts* § 90(1) (1979). We have expressly adopted the doctrine of promissory estoppel as articulated in section 90(1) of the *Restatement (Second) of Contracts*. *Kiely v. St. Germain,* 670 P.2d 764, 767 (Colo.1983); *see also Vigoda v. Denver Urban Renewal Authority,* 646 P.2d 900, 905 (Colo.1982). The doctrine represents, in part, a modest extension of the basic contract principle that one who makes promises must be required to keep them. *Kiely,* 670 P.2d at 767. The purpose of the doctrine of promissory estoppel is

> to provide a remedy ... to those who rely to their detriment upon promises which the promisor should have reasonably expected to induce such reliance. In the absence of a promissory estoppel cause of action, these promises would not be enforceable, generally due to lack of consideration or a failure of the parties to reach a mutual agreement.
>
> ... [T]he doctrine ... should be applied to prevent injustice where there has not been mutual agreement by the parties on all essential terms of a contract, but a promise was made which the promisor should reasonably have expected would induce action or forbearance, and the promise in fact induced such action or forbearance.

*Vigoda,* 646 P.2d at 905. A promise that is binding pursuant to the doctrine of promissory estoppel is a contract, and full-scale enforcement by normal remedies is appropriate. *Restatement (Second) of Contracts* § 90 cmt. d (1979). Thus, promissory estoppel is

defined in terms of both equity and contracts. *Kiely,* 670 P.2d at 767.

The doctrine of promissory estoppel should not be confused with the doctrine of equitable estoppel. While the doctrine of promissory estoppel is applicable to promises, the doctrine of equitable estoppel is applicable to misstatements of fact. *See Committee for Better Health Care v. Meyer,* 830 P.2d 884 (Colo.1992). Specifically, to establish a claim of equitable estoppel,

> the party to be estopped must know the facts and either intend the conduct to be acted on or so act that the party asserting estoppel must be ignorant of the true facts, and the party asserting estoppel must rely on the other party's conduct with resultant injury.

*Meyer,* 830 P.2d at 891–92. In an equitable estoppel claim for negligent misrepresentation of facts, the misrepresentation must be of material fact that presently exists or has existed in the past. *Mehaffy, Rider, Windholz & Wilson v. Central Bank Denver,* 892 P.2d 230, 237 (Colo.1995). A promise relating to future events without a present intent not to fulfill the promise is not actionable as a tortious misrepresentation of facts. *Id.; High Country Movin', Inc. v. U.S. West Direct Co.,* 839 P.2d 469, 471 (Colo.App.1992). Thus, a claim of equitable estoppel lies in tort, whereas a claim of promissory estoppel lies in contract.

The current case is distinguishable from *Lehman v. City of Louisville,* 857 P.2d 455 (Colo.App.1992), on which the trial court relied in holding that DeLozier's promissory estoppel claim was barred by the GIA. In *Lehman,* a city official allegedly represented to the plaintiffs that their intended use of a building was permitted under the existing zoning code, and the plaintiffs allegedly relied on this representation. The court of appeals held in *Lehman* that "the essence of [the plaintiff's] claim is either a negligent or intentional misrepresentation [of fact] and, thus, could lie in tort" for purposes of the GIA. *Lehman,* 857 P.2d at 457. *Lehman* involved a misrepresentation of existing fact and therefore involved a claim of equitable estoppel. Because the decision in *Lehman*

was based on a claim of equitable estoppel, it does not guide our analysis here for DeLozier's claim of promissory estoppel.

■ In the case before us, DeLozier brought a promissory estoppel claim against the Board based upon the Board's alleged promise to hire DeLozier as a paramedic in the future. The essence of DeLozier's claim is that the Board breached its promise to DeLozier and that she detrimentally relied on the Board's promise. DeLozier's claim therefore falls under section 90 of the *Restatement (Second) of Contracts*. DeLozier does not claim that the Board misrepresented any facts to her, and the facts that support DeLozier's claim could not support a claim for fraud or misrepresentation. Thus, DeLozier's claim is properly characterized as one of promissory estoppel rather than equitable estoppel. As such, DeLozier's claim against the Board is one that lies in contract rather than tort and is not barred by the GIA.

### III.

We hold that a promissory estoppel claim is properly characterized as one in the nature of a contract claim and is thus not barred by the GIA. We therefore affirm the court of appeals.