**ALLEN HOMESITE GROUP,**
**Plaintiff–Appellant,**

v.

**COLORADO WATER QUALITY CONTROL COMMISSION, Colorado Water Quality Control Division, and Crested Butte South Metropolitan District, Defendants–Appellees.**

**No. 99CA1685.**

Colorado Court of Appeals,
Division V.

Nov. 9, 2000.

Rehearing Denied Jan. 4, 2001.

---

Law Offices of Alison Maynard, Alison Maynard, Paul Upsons, Denver, CO, for Plaintiff–Appellant.

Ken Salazar, Attorney General, Anthony S. Trumbly, Senior Assistant Attorney General, Denver, CO, for Defendants–Appellees Colorado Water Quality Control Commission and Colorado Water Quality Control Division.

Roderick E. Landwehr, P.C., Roderick E. Landwehr, Gunnison, CO, for Defendant–Appellee Crested Butte South Metropolitan District.

Opinion by Judge RULAND.

Plaintiff, Allen Homesite Group, appeals from the judgment dismissing its amended complaint as untimely filed. In that complaint, plaintiff requested judicial review of an order by defendant Colorado Water Quality Control Commission denying plaintiff's claims for attorney fees and costs against defendant Crested Butte South Metropolitan District (District). Plaintiff also alleged equitable claims for fees against the defendants. We affirm.

Plaintiff, a homeowners association, challenged the District's request for approval by the Colorado Water Quality Control Division of an application to expand the District's existing sewage treatment plant. In a separate proceeding, plaintiff also challenged the District's environmental assessment (EA) submitted to the Division as a requirement for receiving state funding for the project.

The District received the Division's initial approval in both proceedings. Thereafter, an appeal was filed with the Commission pursuant to § 25–8–702(4), C.R.S.2000, and an Administrative Law Judge (ALJ) appointed by the Commission consolidated the two cases.

After an evidentiary hearing, the ALJ determined that the site application was properly approved. However, the ALJ also found that the EA was inadequate. The District subsequently abandoned the EA and secured different funding for the project.

Plaintiff appealed that portion of the ALJ's decision approving the site application to the

Commission. The Commission affirmed the ALJ's decision in an order dated July 13, 1998. Plaintiff timely filed a complaint with the district court on August 12, 1998, seeking review of that order pursuant to § 24–4–106(4), C.R.S.2000, of the Administrative Procedure Act (APA).

As relevant here, the July 13 order set a date for future proceedings on any requests by the parties for attorney fees. Plaintiff filed such a motion with the Commission based on its successful challenge to the EA. On September 15, 1998, the Commission denied the motion on the basis that it lacked authority to award the requested fees.

Around this time, plaintiff's members voted to abandon their challenge and they asked to have the district court complaint dismissed. However, a motion was filed by three individual homeowners requesting that they be substituted for plaintiff as the real parties in interest. The court denied the motion.

Later, the court vacated an earlier dismissal of the complaint after plaintiff requested the opportunity to assert a claim for fees. The court also granted plaintiff's motion to amend the original complaint to remove all prior claims except those related to the recovery of fees and costs.

Following submissions by the parties, the court granted a motion to dismiss the amended complaint on the grounds that plaintiff's appeal of the September 15 order was untimely. The court also concluded that plaintiff's equitable claims against all of the defendants were barred by the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2000. This appeal followed.

### I.

■ Plaintiff contends that the district court erred in dismissing its amended complaint as untimely. It argues that the claim for fees should be deemed timely under the relation back doctrine contained in C.R.C.P. 15(c) to the date of the original complaint. We disagree.

■ Under § 24–4–106(4) of the APA, a party must file an action for judicial review challenging a final adverse agency ruling within 30 days after the ruling becomes effective. Failure to seek timely review deprives the district court of jurisdiction. *See Gibbs v. Colorado Mined Land Reclamation Board*, 883 P.2d 592 (Colo.App.1994).

■ C.R.C.P. 15(c) provides that a claim asserted in an amended pleading relates back to the date of the original complaint when it arises out of the same conduct, transaction, or occurrence alleged in the original pleading. *See Cloverleaf Kennel Club, Inc. v. Colorado Racing Commission*, 620 P.2d 1051 (Colo.1980). However, when a new claim not arising out of those events is included in the amended complaint, that claim will not relate back. *See Walker v. Associated Press*, 160 Colo. 361, 417 P.2d 486 (1966); *see also Peters v. Smuggler–Durant Mining Corp.*, 930 P.2d 575 (Colo.1997).

In *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072 (Colo.1988), our supreme court addressed the issue whether a judgment resolving the dispute between the parties is final for purposes of appeal even though an issue concerning attorney fees for assertion of a frivolous claim had not yet been resolved. The court held that the trial court decision on the merits of a controversy is a final decision for purposes of appeal even though there is an unresolved issue concerning attorney fees. The court stated:

> We believe that a bright line rule that a decision on the merits is a final judgment for appeal purposes despite any outstanding issue of attorney fees is necessary and appropriate. Such a rule will permit litigants to comply with the relevant appellate rules without a case-by-case analysis of the relationship of attorney fees to the relief sought and will avoid uncertainty.

*Baldwin v. Bright Mortgage Co., supra,* 757 P.2d at 1074.

Consistent with *Baldwin*, the majority of a division of this court held in *Dawes Agency, Inc. v. American Property Mortgage, Inc.*, 804 P.2d 255 (Colo.App.1990) that a notice of appeal challenging an award of attorney fees for assertion of a frivolous claim made subsequent to a decision on the merits must be filed within 45 days after the trial court's ruling on the request for fees. The *Dawes* court also held that a notice of appeal chal-

lenging the trial court's decision on the merits would not be treated as a valid premature notice of appeal because the ruling on attorney fees had not even been made at the time the notice was filed. *Compare Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936 (Colo.1993)(addressing the issue of attorney fees as a component of the damage element of a civil claim).

We find *Baldwin* and *Dawes* persuasive in applying the APA. Application of those decisions will remove the uncertainty noted in *Baldwin*. Therefore, we hold that a complaint in the district court under § 24–4–106(4) seeking to challenge an administrative ruling concerning attorney fees entered subsequent to a decision on the merits must be filed within 30 days after the ruling. Conversely, an attempt to include that claim in an amended complaint filed more than 30 days after the ruling does not relate back under C.R.C.P. 15(c).

Accordingly, the court was correct in determining that plaintiff's amended complaint should be dismissed as untimely filed.

## II.

In the alternative, plaintiff contends that the district court erred in dismissing its claims to recover attorney fees from defendants because those claims are proper as claims for damages. We conclude that the court was correct in ruling that the claims are barred by the GIA.

Even if we assume that these claims may be asserted independent of a challenge to the Commission's ruling, the GIA bars claims that lie in tort or could lie in tort regardless of whether that is the form of action chosen by the claimant. *See* § 24–10–106(1), C.R.S. 2000; *State Personnel Board v. Lloyd*, 752 P.2d 559 (Colo.1988).

As pertinent here, our supreme court has distinguished equitable estoppel claims from promissory estoppel claims for purposes of the GIA. *See Board of County Commissioners v. DeLozier*, 917 P.2d 714 (Colo.1996). Specifically, promissory estoppel involves a promise by a government agency or official. Equitable estoppel, however, typically involves misstatements of fact or other misrepresentation by a government agency. As such, a claim for equitable estop-

pel is deemed to be a tort claim for purposes of the GIA. *See Berg v. State Board of Agriculture*, 919 P.2d 254 (Colo.1996).

Here, the essence of plaintiff's equitable estoppel claims is that it is entitled to money damages in the form of attorney fees because the District misled plaintiff concerning its need for state funding such that plaintiff was wrongfully induced into unnecessary litigation. Plaintiff also alleges that the Commission wrongfully deprived it of certain transcripts.

As a result, because these claims are or could be tort claims, we conclude that such were properly dismissed. *See Board of County Commissioners v. DeLozier, supra.* Finally, to the extent that the decision in *Kohn v. City of Boulder*, 919 P.2d 822 (Colo. App.1995) may be read as support for plaintiff's contention, we conclude that *Berg* and *DeLozier* control because those opinions were announced by our supreme court.

## III.

As noted above, three individual homeowners asked to be substituted as the real parties in interest in the original complaint after plaintiff initially determined to abandon the litigation. Later, plaintiff agreed to proceed with the claim for fees, and the complaint was amended accordingly. Nevertheless, plaintiff contends that it was error to deny the request of the individual homeowners to intervene.

Because the individual homeowners are the only persons potentially aggrieved by the court's order denying the substitution and because those individuals are not named as parties to this appeal, we do not consider this contention. *See* C.A.R. 3(e)(1)(C); *Tower v. Tower*, 147 Colo. 480, 364 P.2d 565 (1961)(an appellant must be a person or entity aggrieved by the lower court's decision).

We have considered and are unpersuaded by plaintiff's other contentions for reversal of the judgment.

The judgment is affirmed.

ROY and NIETO, JJ., concur.