Douglas H. HANSON, Plaintiff–Appellee,

v.

COLORADO DEPARTMENT OF REVENUE, M. Michael Cooke, as Executive Director of the Colorado Department of Revenue, and State of Colorado, Defendants–Appellants.

No. 04CA2292.

Colorado Court of Appeals, Div. II.

April 20, 2006.

§ 24–51–1105, C.R.S.2005.

John W. Suthers, Attorney General, Carolyn Lievers, Assistant Attorney General, Denver, Colorado, for Defendants–Appellants.

ROTHENBERG, J.

In this tax assessment case, defendants, Colorado Department of Revenue, M. Michael Cooke as executive director of the Colorado Department of Revenue, and the State of Colorado (collectively Revenue), appeal the trial court's summary judgment in favor of plaintiff, Douglas H. Hanson. We affirm.

Hanson was the president of Internet Commerce and Communication (ICC). In 2001, Revenue assessed delinquent withholding taxes against ICC for its failure to pay $43,443.75 in sales and wage taxes. ICC then filed for Chapter 11 bankruptcy protection, which was later converted to Chapter 7 liquidation. Revenue filed a proof of claim for the delinquent taxes, but the bankruptcy estate lacked sufficient assets to satisfy the claim.

Revenue then imposed a penalty on Hanson, pursuant to § 39–21–116.5, C.R.S.2005, and assessed 150% of the delinquent taxes against him. Hanson contested the assessment, but Revenue declined relief and issued its final determination on November 12, 2003.

On December 15, 2003, Hanson filed an appeal of the final determination in district court. Revenue moved to dismiss the complaint for lack of subject matter jurisdiction, and following a hearing, the trial court denied the motion. The court then granted summary judgment in favor of Hanson, concluding that the final determination was not a valid penalty assessment against him.

## I.

Revenue first contends the trial court lacked subject matter jurisdiction over the case because Hanson's appeal was not timely filed. We disagree.

An appellate court employs a mixed standard of review to motions to dismiss for lack of subject matter jurisdiction. *City of Aspen v. Kinder Morgan, Inc.*, 2006 WL

Welborne Sullivan Meck & Tooley, P.C., William R. Rapson, Denver, Colorado, for Plaintiff–Appellee.

560958, —— P.3d —— (Colo.App. No. 04CA2137, Mar. 9, 2006); *Egle v. City & County of Denver,* 93 P.3d 609 (Colo.App. 2004). The trial court's factual findings are reviewed under the clear error standard and are binding unless so clearly erroneous as not to find support in the record. *Lyon v. Amoco Prod. Co.,* 923 P.2d 350 (Colo.App. 1996). However, the trial court's legal conclusions are reviewed de novo. *Walton v. State,* 968 P.2d 636 (Colo.1998).

Section 39–21–105(1), C.R.S.2005, provides that a "taxpayer may appeal the final determination of the executive director ... within thirty days after the mailing of such determination." A "taxpayer" is defined to include "a person against whom a deficiency is being asserted, whether or not he has paid any of the tax in issue prior thereto." Section 39–21–101(4), C.R.S.2005.

The procedure for mailing a final determination is governed by § 39–21–105.5, C.R.S. 2005, which provides:

Any notice required to be given to any taxpayer ... shall be sufficient if mailed, postpaid by first-class mail to the last-known address of the taxpayer .... The first-class mailing of any notice ... creates a presumption that such notice was received by the taxpayer ... if the department maintains a record of the notice and maintains a certification that the notice was deposited in the United States mail by an employee of the department. Evidence of the record of the notice mailed to the last-known address of the taxpayer ... as shown by the records of the department and a certification of mailing by first-class mail by a department employee is prima facie proof that the notice was received by the taxpayer ....

■ Two statutes concerning the same subject are to be read together to the extent possible so as to give effect to the legislative intent. *Peoples Natural Gas Div. v. Pub. Utils. Comm'n,* 698 P.2d 255 (Colo.1985).

The plain language of § 39–21–105(1) requires a taxpayer to file an appeal of a final determination within thirty days of the date the final determination was mailed. But § 39–21–105.5 requires that a taxpayer receive sufficient notice of a final determina-tion. Hence, notice is a prerequisite to the enforceability of the thirty-day period prescribed in § 39–21–105(1) for commencing an appeal. *See Adolph Coors Co. v. Charnes,* 690 P.2d 893 (Colo.App.1984)(defective notice did not start thirty-day period prescribed in § 39–21–105 for commencing an appeal), *aff'd,* 724 P.2d 1341 (Colo.1986).

Here, contrary to Hanson's contention, a tax deficiency was assessed against him, and we conclude he was a "taxpayer" as defined in § 39–21–101(4). Accordingly, the thirty-day statutory period in which to commence an appeal applied to him.

The first notice of final determination sent by Revenue was dated November 12, 2003. However, on November 21st, Revenue sent a second notice of final determination, which was mailed to Hanson's current Denver address and forwarded to him at his residence in France. Hanson received the notice on Friday, December 12th, and he filed a complaint the following Monday, December 15th. Hence, his complaint was filed thirty-three days after the November 12th notice and twenty-four days after the November 21st notice.

Revenue moved to dismiss Hanson's complaint for lack of subject matter jurisdiction, contending he filed the appeal after the thirty-day period for commencing an appeal had expired. Following a hearing on June 2, 2004, the trial court issued an order denying Revenue's motion. However, the June 2 hearing transcript and the order are not part of the record, and we are unable to review the trial court's findings of fact regarding its jurisdiction to hear Hanson's case.

We also are unable to determine from the record whether Hanson received sufficient notice. *See* § 39–21–105.5 (notice is sufficient when it is mailed to the last-known address of the taxpayer by certified mail). The record before us does not clarify whether (1) the notice was sent by certified mail, (2) the notice dated November 12 was mailed on that date, or (3) the notice was mailed to Revenue's last-known address for Hanson. Nor does the record clarify why Revenue chose to send two separate notices of final determination to Hanson.

Because Revenue failed to designate and ensure the transmittal of an adequate record for purposes of review, and because the existing record does not permit a contrary conclusion as a matter of law, we must presume the trial court's resolution of the jurisdictional issue was correct. *See Schuster v. Zwicker*, 659 P.2d 687, 690 (Colo.1983)("It is the obligation of the party asserting error in a judgment to present a record that discloses that error, for a judgment is presumed to be correct until the contrary affirmatively appears."); *Smith v. City & County of Denver*, 789 P.2d 442 (Colo.App.1989). We therefore reject Revenue's contention that the trial court lacked subject matter jurisdiction over this action.

## II.

Revenue next contends the trial court erred in granting summary judgment in favor of Hanson because he failed to post a bond, as required by § 39–21–105(4), C.R.S. 2005. We disagree.

■ It is within the discretion of the trial court to dismiss a case for a party's failure to follow the procedural requirement of posting a bond, and we will not disturb its decision absent an abuse of discretion. *People v. Grell*, 950 P.2d 660 (Colo.App.1997).

Section 39–21–105(4) requires a taxpayer contesting an assessment on appeal to post a bond in double the amount of the taxes, interest, and other charges stated in the final determination. Section 39–21–105(4)(a), C.R.S.2005. "The taxpayer may, at his option, deposit the disputed amount with the executive director of the department of revenue in lieu of posting a surety bond." Section 39–21–105(4)(b), C.R.S.2005.

Here, in response to Revenue's motion to dismiss for lack of subject matter jurisdiction, Hanson contended the bond requirement did not apply to him because ICC was the only "taxpayer" required to post the bond. But he requested thirty days to post the bond in the event the trial court concluded he was required to post a bond.

Again, we do not have the benefit of the trial court's June 2 order. However, on June 11, 2004, Hanson filed "plaintiff's satisfaction of bond requirement" in satisfaction of "the court's order that he comply with [the bond requirement] by depositing the disputed amount ($43,443.75) with the Colorado Attorney General's office." We therefore may infer that Hanson posted a bond, and we perceive no abuse of discretion by the trial court in denying Revenue's motion to dismiss the case on this basis.

## III.

Revenue next contends the penalty was validly assessed against Hanson as a corporate officer of ICC and the trial court erred in granting summary judgment in favor of Hanson based on its contrary conclusion. We disagree.

We review the trial court's grant of summary judgment de novo. *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66 (Colo.2004).

Summary judgment is appropriate when the pleadings and supporting documents clearly demonstrate that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814 (Colo. 2004).

The nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the undisputed facts, and all doubts as to the existence of a triable issue of fact must be resolved against the moving party. *Martini v. Smith*, 42 P.3d 629, 632 (Colo.2002).

■ We have found no Colorado case construing §§ 39–21–116 and 39–21–116.5, C.R.S.2005. Therefore, Revenue's contention that these statutes apply to all corporate officers appears to be an issue of first impression in Colorado.

Interpretation of a statute is a question of law. *Fogg v. Macaluso*, 892 P.2d 271 (Colo. 1995). In construing statutory provisions, our obligation is to give full effect to the legislative intent. *Colo. Office of Consumer Counsel v. Pub. Utils. Comm'n*, 42 P.3d 23 (Colo.2002); *Colby v. Progressive Cas. Ins. Co.*, 928 P.2d 1298 (Colo.1996).

If the legislative intent is conveyed by the commonly understood and accepted meaning of the statutory language, we apply the statute as written. *Klinger v. Adams County Sch. Dist. No. 50*, 130 P.3d 1027 (Colo.2006); *Gorman v. Tucker*, 961 P.2d 1126 (Colo. 1998).

Generally, we give deference to the interpretation of a statute by the agency charged with enforcement of that statute. *Urbish v. Lamm*, 761 P.2d 756 (Colo.1988). However, an agency's interpretation is not binding if it is inconsistent with the clear language of the statute or with the legislative intent. *Douglas County Bd. of Equalization v. Clarke*, 921 P.2d 717 (Colo.1996).

Section 39–21–116(2), C.R.S.2005, provides in pertinent part:

[With an exception not relevant here] any director or officer of a corporation . . . in the process of dissolution or which has been dissolved who distributes the . . . fund in his control without having first paid any taxes covered by this article due from such . . . corporation . . . shall be personally liable to the extent of the property so distributed for any unpaid taxes of the . . . corporation . . . covered by this article which may be assessed within the [statutory time limits].

Section 39–21–116.5   provides:

In addition to the personal liability provided in section 39–21–116, *all officers of a corporation . . . required to collect, account for, and pay over any tax administered by this article who willfully fail* to collect, account for, or pay over such tax or who willfully attempt in any manner to evade or defeat any such tax, or the payment thereof, are subject to, in addition to other penalties provided by law, a penalty equal to one hundred fifty percent of the total amount of the tax not collected, accounted for, paid over, or otherwise evaded. *An officer of a corporation . . . shall be deemed to be subject to this section* if the corporation . . . is subject to filing returns or paying taxes administered by this article and *if such officers of corporations . . . voluntarily or at the direction of their superiors assume the duties or responsibilities of complying with the provisions of any tax administered by this article on behalf of the corporation . . . .*

(Emphasis added.)

Revenue presented no evidence concerning Hanson's actual duties, but relies solely on his job title. Revenue maintains that §§ 39–21–116 and 39–21–116.5 apply to *all* corporate officers and therefore to Hanson. However, the plain language of § 39–21–116.5 defeats Revenue's argument because it imposes liability for penalties on all officers *who willfully fail to collect, account for, or pay taxes.* Further, the statute defines officers subject to its provisions as those who assume tax compliance responsibilities voluntarily or at the direction of their supervisors.

We therefore conclude, as did the trial court, that § 39–21–116.5 applies to (1) all officers (2) responsible for tax compliance (3) who willfully (4) fail to collect, account for, or pay taxes. While this statute could potentially apply to all the officers of a corporation, it does not necessarily do so.

■ Here, Hanson filed the affidavit of Theresa Mack, an ICC employee, stating, "[Hanson] had no responsibility for paying or collecting taxes and . . . was not the CFO, Treasurer or Comptroller of ICC. He is not an accountant or bookkeeper and has no financial background or expertise in the tax area."

Revenue nevertheless argues that Hanson's position as president necessarily includes the responsibility of tax compliance, but there is no evidence in the record supporting its argument. Nor has Revenue cited any authority for the proposition that an officer's title alone can establish an individual's responsibilities in every circumstance.

In summary, we conclude § 39–21–116.5 is only applicable to those corporate officers responsible for tax compliance who willfully fail to collect, account for, or pay taxes. Because Hanson presented undisputed evidence that he was not responsible for tax compliance by ICC, the trial court did not err in granting his motion for summary judgment. Given our conclusion, we need not address

Revenue's argument that Hanson acted willfully.

Judgment affirmed.

Judge GRAHAM and Judge CARPARELLI concur.