**Ella Mae BATES, Plaintiff–Appellant,**

**v.**

**Joan HENNEBERRY, in her official capacity as the Executive Director of the Colorado Department of Health Care Policy and Financing; Sarah E. Roberts, Director of Client Services, Department of Health Care Policy and Financing; Gary Ashby, Benefits Coordination Director of the Department of Health Care Policy and Financing; and the Colorado Department of Health Care Policy and Financing, Defendants–Appellees.**

No. 08CA1477.

Colorado Court of Appeals, Div. IV.

April 30, 2009.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

Solem, Mack, & Steinhoff, P.C., R. Eric Solem, Lance M. McKinley, Sarah L. Golombek, Englewood, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Robert C. Douglas, First Assistant Attorney General, Mary Karen Maldonado, Assistant Attorney General, Alisa Campbell, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge WEBB.

In this Medicaid benefits case, we conclude that the Medicaid Act sections on which plaintiff, Ella Mae Bates, relies do not contain rights-creating language essential to enforcement under 42 U.S.C. section 1983 and that her section 24-4-106, C.R.S.2008, claim is untimely.[1] Therefore, we affirm the trial court's judgment dismissing her section 1983 claims and her claim for judicial review of administrative action, in favor of defendants, the Colorado Department of Health Care Policy and Financing (Department); Joan Henneberry, executive director of the Department; Sarah E. Roberts, client services director of the Department; and Gary Ashby, benefits coordination director of the Department.

### I. Facts

According to the complaint, Bates created the "Bates Irrevocable Trust" (Trust) for the benefit of her son, his spouse, and their descendants. Bates funded the Trust by contributing $115,000.00. Although the Trust instrument stated that contributions by Bates were intended to be completed gifts, it also allowed the Trustee to make unsecured loans to "any person."

When Bates applied for Medicaid benefits after lapse of the penalty period provided for in 42 U.S.C. section 1396p (c)(1)(E), the Department construed the loan provision as a circumstance where Bates could receive payment from the Trust. It considered the Trust's assets resources available to Bates under 42 U.S.C. section 1396p (d)(3)(B), and denied her application because she was financially ineligible.

Bates appealed the Department's decision to an Administrative Law Judge (ALJ), who reversed it. The Department filed exceptions with the Office of Appeals, a division of the Department, which reversed the ALJ. The Office of Appeals denied her motion for reconsideration.

Bates brought this action seeking judicial review of the Office of Appeals' decision.

She also asserted section 1983 claims, arguing that the Department violated her rights under 42 U.S.C. sections 1396p(d)(3)(B) and 1396a(a)(17). The trial court concluded that the judicial review claim was untimely and that as a matter of law Bates failed to show the Medicaid Act conferred the rights she claimed the Department had violated.

### II. Standard of Review

▮▮▮ Appellate review of a trial court's dismissal that turns on statutory interpretation is de novo. *Monez v. Reinertson,* 140 P.3d 242, 244 (Colo.App.2006). Here, the trial court interpreted 42 U.S.C. section 1396p(d)(3)(B), 42 U.S.C. section 1396a(a)(17), and section 24-4-106, C.R.S. 2008.

### III. Bates's Claims are Not Enforceable under 42 U.S.C. § 1983

We agree with the trial court that 42 U.S.C. sections 1396p(d)(3)(B) and 1396a(a)(17) do not contain language necessary to confer a personal right enforceable under section 1983.

### A. Law

Section 1983 creates a cause of action against anyone who, acting under color of state law, deprives a person of any "rights, privileges, or immunities secured by the Constitution and laws." But to seek redress under section 1983, a plaintiff "must assert the violation of a federal *right,* not merely a violation of federal *law.*" *Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997) (emphasis in original).

For legislation enacted under the congressional spending power, such as the Medicaid Act, "the typical remedy for state noncompliance with federally imposed conditions is not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the State." *Pennhurst State Sch. & Hosp. v. Halderman,* 451 U.S. 1, 28, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981); *see Lankford v. Sherman,* 451 F.3d 496, 508 (8th

---

1. Having so concluded, we need not express an opinion regarding the correct interpretation of the Trust or whether the Office of Appeals im-

properly relied on advice from the Attorney General's conflicts counsel.

Cir.2006). However, in certain sections of the Medicaid Act, Congress has conferred personal rights that can be vindicated under section 1983. *See, e.g., Wilder v. Virginia Hospital Ass'n,* 496 U.S. 498, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990) (allowing healthcare providers to enforce reimbursement provision of Medicaid Act using section 1983).

■ In *Blessing,* the Court articulated a three-part test for determining whether a federal statute confers a right enforceable under section 1983:(1) Congress must have intended that the provision benefit the plaintiff; (2) the right must not be so vague and amorphous that its enforcement would strain judicial competence; and (3) the statute must unambiguously impose a binding obligation on the states. 520 U.S. at 340–41, 117 S.Ct. 1353.

■ The Court later narrowed *Blessing's* first prong by concluding that congressional intent to create rights enforceable under section 1983 is shown only by "explicit rights-creating terms" with "an *unmistakable focus* on the benefited class." *Gonzaga Univ. v. Doe,* 536 U.S. 273, 284, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (emphasis in original). Broad or vague "benefits" or "interests" are insufficient and may not be enforced under section 1983. *Id.* at 283, 122 S.Ct. 2268.

Applying this framework, we reject Bates's arguments that the Department's application of 42 U.S.C. section 1396p(d)(3)(B) is not a reasonable standard under section 1396a(a)(17), as follows.

B.   42 U.S.C. § 1396p(d)(3)(B)

■ 42 U.S.C. section 1396p(d)(3)(B)-(B)(i)(I) provides:

In the case of an irrevocable trust—if there are any circumstances under which payment from the trust could be made to or for the benefit of the individual, the portion of the corpus from which, or the income on the corpus from which, payment to the individual could be made shall be considered resources available to the individual, and payments from that portion of the corpus or income—to or for the benefit of the individual, shall be considered income of the individual.

Thus, "[i]f an individual who establishes a trust is able to revoke or benefit from the trust, then the trust's corpus and payments must be counted respectively as resources available to that individual and income accruing to that individual," thereby potentially disqualifying the person from Medicaid eligibility. *Keith v. Rizzuto,* 212 F.3d 1190, 1192 (10th Cir.2000). However, Bates cites no case, nor have we found one, addressing whether this section creates a personal right that can be enforced under 42 U.S.C. section 1983.

For two reasons, the use of "individual" in section 1396p(d) (3)(B) does not "unambiguously confer[ ] [a] right to support a cause of action brought under [section] 1983." *Gonzaga,* 536 U.S. at 283, 122 S.Ct. 2268.

First, in *Blessing* the Court rejected the claim that Title IV–D of the Social Security Act, which requires states to "substantially comply" with federal efficacy guidelines, created a personal right enforceable under section 1983, explaining:

Far from creating an *individual* entitlement to services, the standard is simply a yardstick for the Secretary to measure the *systemwide* performance of a State's Title IV–D program. Thus, the Secretary must look to the aggregate services provided by the State, not to whether the needs of any particular person have been satisfied.

520 U.S. at 343, 117 S.Ct. 1353 (emphasis in original). Likewise, section 1396p (d)(3)(B) "instructs states how to treat trusts for Medicaid eligibility purposes." *Johnson v. Guhl,* 357 F.3d 403, 410 (3d Cir.2004).

Second, Bates does not explain how applying the section 1396p(d)(3)(B) "any circumstance" test could create a personal right *to* Medicaid benefits when it only excludes Medicaid applicants *from* eligibility. Such exclusion is the antithesis of the "rights-creating terms" that are necessary to confer a federal right enforceable under section 1983. *Gonzaga,* 536 U.S. at 284, 122 S.Ct. 2268.

Bates's reference to other sections of the Medicaid Act that have been construed as creating a federal right is unpersuasive. All of the cases that she cites interpret either sections containing explicit "rights-creating" language, *Sabree v. Richman,* 367 F.3d 180,

189 (3d Cir.2004) (concluding 42 U.S.C. §§ 1396a(a)(10), 1396d(a)(15), and 1396a(a)(8) confer individual federal rights because they require "that a state 'must provide' plaintiffs with 'medical assistance' ... with 'reasonable promptness' "); *Gean v. Hattaway,* 330 F.3d 758, 772–73 (6th Cir.2003) ("The right to a 'fair hearing' provided to beneficiaries by § 1396a(a)(3) creates an obligation on the part of the State and is phrased in terms of benefitting Medicaid recipients."); *Monez,* 140 P.3d at 246 (same); or sections that broaden the pool of persons eligible for Medicaid benefits, *Lewis v. Rendell,* 501 F.Supp.2d 671, 688 (E.D.Pa.2007) (42 U.S.C. § 1396p(d)(4)(A) confers federal right because plaintiffs "would benefit from the State's compliance" with it) (internal citation omitted).

Therefore, we conclude that 42 U.S.C. section 1396p(d)(3)(B) does not confer a personal right which can be asserted under section 1983.

### C. 42 U.S.C. § 1396a(a)(17)

■ As relevant here, 42 U.S.C. section 1396a(a)-(a)(17)(C) provides that "[a] State plan for medical assistance must ... include reasonable standards ... for determining eligibility for and the extent of medical assistance under the plan which ... provide for reasonable evaluation of any such income or resources...."

Several courts have interpreted section 1396a(a)(17) as not conferring a federal right enforceable under section 1983. *See, e.g., Lankford v. Sherman,* 451 F.3d 496, 509 (8th Cir.2006); *Watson v. Weeks,* 436 F.3d 1152, 1162 (9th Cir.2006), *cert. denied,* 549 U.S. 1032, 127 S.Ct. 598, 166 L.Ed.2d 431 (2006); *Sanders ex rel. Rayl v. Kansas Dep't of Social and Rehabilitation Services,* 317 F.Supp.2d 1233, 1250 (D.Kan.2004); *but see Mendez v. Brown,* 311 F.Supp.2d 134, 139 (D.Mass.2004) (concluding § 1396a(a)(17) confers a personal right enforceable under § 1983); *Markva v. Haveman,* 168 F.Supp.2d 695, 711 (E.D.Mich.2001) (same), *aff'd,* 317 F.3d 547 (6th Cir.2003); *Smith v. Palmer,* 24 F.Supp.2d 955, 963–64 (N.D.Iowa 1998) (same).

Although we are not bound by lower federal court decisions, *Hill v. Thomas,* 973 P.2d 1246, 1255 (Colo.1999), *aff'd,* 530 U.S. 703, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000), we may look to them for guidance on federal law and adopt any analysis that we find persuasive. *See Cmty. Hosp. v. Fail,* 969 P.2d 667, 672 (Colo.1998).

Section 1396a(a)(17) does not focus on the persons benefited. Instead, like section 1396p(d)(3)(B), the provision generally instructs the states how to determine an applicant's income or resources for Medicaid eligibility. In doing so, it addresses only the state's plan for providing aggregate services. The lack of any reference to the particular person to be benefited precludes a section 1983 claim. *Gonzaga,* 536 U.S. at 282, 122 S.Ct. 2268; *Watson,* 436 F.3d at 1162.

The published federal district court cases to the contrary do not persuade us otherwise. *Smith* and *Markva* were decided before *Gonzaga. Mendez* relied on pre-*Gonzaga* authority when analyzing section 1396a(a)(17), rather than on *Gonzaga's* "unmistakable focus" rubric. 536 U.S. at 284, 122 S.Ct. 2268.

Accordingly, we further conclude that 42 U.S.C. section 1396a(a)(17) does not confer a personal right which can be asserted under section 1983.

### IV. Bates's Judicial Review Claim is Time–Barred

■ Bates next contends that because her motion to reconsider tolled the time period for requesting judicial review, the trial court erred in dismissing her judicial review action as untimely. Because her motion was not required, we disagree.

"[A]ny person adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such agency action becomes effective." § 24–4–106(4), C.R.S.2008. For judicial review of the Department's decisions, the effective date is "the third day after the date the decision is mailed to the parties, even if the third day falls on Saturday, Sunday, or a legal holiday." Department Rule 8.057.11.B, 10 Code Colo. Regs. 2505–10–8.057.11.B.

Here, the Department's "Final Agency Decision" was effective on September 7, 2007, three days after the Office of Appeals mailed it to the parties, creating an October 7, 2007 deadline for commencing a judicial review action. But Bates did not file her complaint with the trial court until November 13, 2007, making the judicial review claim presumptively untimely. *See Warren Village, Inc. v. Bd. of Assessment Appeals,* 619 P.2d 60, 64 (Colo.1980).

"[U]nless the filing of an application for reconsideration is required by the statutory provisions governing the specific agency," judicial review must be sought within the thirty-day filing requirement regardless of whether a motion for reconsideration has been filed. § 24–4–106(2). Although the Office of Appeals' decision stated that any party "may seek reconsideration" within fifteen days, Bates cites no authority, and our research reveals none, requiring a reconsideration motion before seeking judicial review of the Department's decisions concerning Medicaid. Therefore, her September 18, 2007 motion for reconsideration did not extend the deadline.

As explained in the trial court's well-reasoned order, the September 20, 2007 "Notice of Request for Reconsideration," in which the Office of Appeals advised that a response must be received by September 30, 2007, did not postpone the effective date of the decision. Section 24–4–105(16)(b) permits an agency to change the effective dates of its decision "[u]pon application by a party." *See Bethesda Found. of Nebraska v. Colorado Dep't of Soc. Servs.,* 877 P.2d 860, 861 (Colo. 1994) (approving of procedure in § 24–4–105(16)(b) when party seeks reconsideration and agency's decision on reconsideration likely will not be rendered within thirty-day period). However, the motion for reconsideration did not request that the Office of Appeals do so.

Accordingly, we conclude that the trial court properly dismissed Bates's judicial review claim as untimely.

The judgment is affirmed.

Judge FURMAN and Judge RICHMAN concur.