COLORADO COURT OF APPEALS     **2017COA26**

Court of Appeals No. 16CA1867
Logan County District Court No. 16CV30061
Honorable Charles M. Hobbs, Judge

Sterling Ethanol, LLC; and Yuma Ethanol, LLC,

Plaintiffs-Appellees,

v.

Colorado Air Quality Control Commission; and Colorado Department of Public
Health and Environment,

Defendants-Appellants.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUDGE FOX
Ashby and Berger, JJ., concur

Announced February 23, 2017

Greenberg Traurig, LLP, Paul Seby, Hayley Easton, Denver, Colorado, for
Plaintiffs-Appellees

Cynthia H. Coffman, Attorney General, Robyn L. Wille, Laura Terlisner Mehew,
Assistant Attorney General, Denver, Colorado, for Defendants-Appellants

¶ 1    In this C.A.R. 4.2 interlocutory appeal, defendant, the Air Quality Control Commission (the Commission), seeks review of the district court's order declining to dismiss the complaint of plaintiffs, Sterling Ethanol, LLC and Yuma Ethanol, LLC (collectively, Companies).[1]  The complaint sought review of a May 19, 2016, Commission order affirming two adverse compliance orders that the Colorado Air and Pollution Control Division (the Division) had issued.  Neither the Colorado Supreme Court nor any division of this court has published a decision examining how the Colorado Air Pollution Prevention and Control Act (the APPCA), §§ 25-7-101 to -1309, C.R.S. 2016; the State Administrative Procedure Act (the APA), §§ 24-4-101 to -204, C.R.S. 2016; and the Commission's procedural rules, when read together, affect the deadline to seek judicial review where the party seeking judicial review first filed a motion to reconsider with the Commission.[2]  Therefore, we conclude

---

[1] The Commission is an agency within the Colorado Department of Public Health and Environment.  *See* § 25-7-104(1), C.R.S. 2016.

[2] Although divisions of this court have published opinions on facts similar to the facts in this case, those cases involved other statutes and different agencies.  *See, e.g., Bates v. Henneberry,* 211 P.3d 68, 72 (Colo. App. 2009) (considering 42 U.S.C. § 1396p (2012) and the Department of Health Care Policy and Financing); *Jeffries v. Fisher,*

1

that this case implicates an unresolved question of law warranting review pursuant to C.A.R. 4.2. C.A.R. 4.2(a) & (b); *see also* § 13-4-102.1, C.R.S. 2016. We grant the Commission's petition for interlocutory review, reverse the district court's order, and remand with directions.

## I.     Background

¶ 2      Companies are ethanol manufacturing plants that are sources of air pollution in northeastern Colorado. They are required to operate in accordance with air permits issued by the Division.

¶ 3      After the Division issued two compliance orders addressing the Companies' alleged violations of their air permits, Companies sought timely administrative review of the orders from the Commission, which operates pursuant to the APPCA. The Commission consolidated the cases and held an evidentiary hearing. On May 19, 2016, the Commission issued a "final order" affirming the Division's orders "in all material respects."

---

66 P.3d 218, 219 (Colo. App. 2003) (considering section 42-2-126(10)(a), C.R.S. 2002, and the Department of Revenue).

¶ 4     On May 31, 2016, Companies filed a motion to reconsider,[3] which the Commission denied on June 22, 2016, thirty-four days after the final order was issued.  Companies filed a complaint in the district court on July 27, 2016, sixty-nine days after the Commission issued its final order and thirty-five days after the Commission denied the motion to reconsider.[4]  The Commission then filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the complaint was untimely filed.  The district court denied the motion to dismiss.

¶ 5     Thereafter, the Commission requested certification for immediate interlocutory review.  The district court certified the

---

[3] The Code of Colorado Regulations, Dep't of Pub. Health & Env't Rule VI.F, 5 Code Colo. Regs. 1001-1, provides that a motion to reconsider a final decision must be made within ten days of the date of the decision.

[4] Initially, Companies sought judicial review of the Commission's June 22 denial of the motion to reconsider.  Later, they clarified their position as seeking judicial review of the May 19 final order, as decisions declining to reconsider are generally non-reviewable.  *See Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 283-84 (1987) (stating that under the Federal Administrative Procedure Act, a petition based on new evidence or changed circumstances is reviewable but otherwise a refusal to reconsider is not reviewable).  As explained below, an order from the Commission that constitutes final agency action must be appealed within thirty-five days after the effective date of the order.  *See* § 24-4-106(4), C.R.S. 2016.  Here, that deadline was June 23 for the May 19 order.

3

following question for review: "Whether, when read together, the [APA], the APPCA and the Commission's Procedural Rules compel the conclusion that the Complaint was untimely filed, depriving this Court of subject matter jurisdiction."  As explained here, the answer to this inquiry is "yes."

## II. The District Court Lacked Jurisdiction Over the Companies' Belated Challenge

¶ 6 The district court erred in denying the motion to dismiss because the Companies' complaint was untimely, depriving the court of subject matter jurisdiction.  The party seeking judicial review must file a complaint within thirty-five days of the effective date of the Commission's final order, even if that party first filed a motion to reconsider, and the Commission declined to reconsider its order.  The plain language of the APPCA, the APA, and the Commission's procedural rules requires such a conclusion.

### A. Standard of Review and Applicable Law

¶ 7 We apply a mixed standard of review to motions to dismiss for lack of subject matter jurisdiction.  *Hanson v. Colo. Dep't of Revenue*, 140 P.3d 256, 257-58 (Colo. App. 2006).  We review factual findings for clear error, and such findings will be upheld

4

unless they have no support in the record.  *Id.*  However, we review legal conclusions de novo.  *Id.*  We also review a district court's interpretation of a statute de novo.  *See Anderson v. Vail Corp.*, 251 P.3d 1125, 1127-28 (Colo. App. 2010).  In construing legislation, we look first to the plain language of the statute, reading it as a whole.  *Young v. Brighton Sch. Dist. 27J*, 2014 CO 32, ¶ 11.  Then, if the language is ambiguous, we "construe the statute in light of the General Assembly's objective," presuming "that the legislature intended a consistent, harmonious, and sensible effect."  *Anderson*, 251 P.3d at 1127-28.

¶ 8     The APPCA states that any "final order or determination by . . . the [C]ommission shall be subject to judicial review in accordance with the provisions of" the APPCA and the APA.  § 25-7-120(1), C.R.S. 2016.  The APA, in turn, provides that "[f]inal agency action under this or any other law shall be subject to judicial review as provided in this section, *whether or not an application for reconsideration has been filed*, unless the filing of an application for reconsideration is required by the statutory provisions governing the specific agency."  § 24-4-106(2), C.R.S. 2016 (emphasis added).  Additionally, "any person adversely affected or aggrieved by any

5

agency action may commence an action for judicial review in the district court within thirty-five days after such agency action becomes effective." § 24-4-106(4).

¶ 9    The APPCA gives no further guidance as to when final orders become effective or when parties must seek judicial review. However, the procedural rules promulgated by the Commission pursuant to section 25-7-105, C.R.S. 2016, state that "[u]nless the Commission designates another date, the effective date of the final decision is the date of adoption of a dispositive resolution of the entire matter heard, including an order to that effect."  Dep't of Pub. Health & Env't Rule VI.E.3, 5 Code Colo. Regs. 1001-1.  The rules also state that a "request to reconsider all or part of any final decision by the Commission *may* be made by either [party]," and that "[w]hen the Commission decides to reconsider any portion of a final decision, the effective date of the entire decision is suspended until reconsideration is complete."  *Id.* at VI.F.1 (emphasis added); *see also A.S. v. People*, 2013 CO 63, ¶ 21 ("[T]he legislature's use of the term 'may' is generally indicative of a grant of discretion or choice among alternatives.").

¶ 10     The APA relatedly provides that the effective date for final agency orders is "on the date mailed or such later date as is stated in the decision." § 24-4-105(16)(a), C.R.S. 2016; *see also Associated Gov'ts of Nw. Colo. v. Colo. Pub. Utils. Comm'n*, 2012 CO 28, ¶ 8 ("Where a statute provides a right of review of an administrative decision, the statute is the exclusive means to secure review. A petitioner's failure to comply strictly with the statutory procedure deprives the district court of jurisdiction.") (citation omitted); *Allen Homesite Grp. v. Colo. Water Quality Control Comm'n*, 19 P.3d 32, 34 (Colo. App. 2000) (noting that the failure to seek timely judicial review under the APA deprives the district court of jurisdiction). The APA further states that "[u]pon application by a party, and prior to the expiration of the time allowed for commencing an action for judicial review, the agency *may* change the effective date of a decision or initial decision." § 24-4-105(16)(b) (emphasis added).

## B.     Analysis

¶ 11     The July 27 complaint at issue was untimely. The Commission issued a "final order" stating that "[t]he appeals of [the Companies] are DENIED and the orders are AFFIRMED in all

material respects" and that this was "DONE and ORDERED this 19th day of May 2016." This final order resolved the entire matter and became effective on May 19, 2016, as specified in the order. *See* Dep't of Pub. Health & Env't Rule VI.E.3, 5 Code Colo. Regs. 1001-1; *see also* § 24-4-105(16)(a).

¶ 12 Although Companies filed a motion to reconsider pursuant to Rule VI.F.1, the applicable statutes did not require Companies to do so before seeking judicial review. *See* Dep't of Pub. Health & Env't Rule VI.F.1, 5 Code Colo. Regs. 1001-1; *see also A.S.*, ¶ 21. The plain language of Rule VI.F.1 leads us to conclude that the effective date is suspended *only* when the Commission decides to reconsider one of its final orders or determinations; if the Commission declines to do so, the effective date remains unchanged. *See* Dep't of Pub. Health & Env't Rule VI.F.1, 5 Code Colo. Regs. 1001-1; *see also* § 24-4-105(16)(b); *Young*, ¶ 11.

¶ 13 Because the Commission ultimately declined to reconsider its final order, filing the motion to reconsider did not suspend or change the order's initial effective date of May 19, 2016, in spite of the Companies' contentions to the contrary. *See* Dep't of Pub. Health & Env't Rule VI.F.1, 5 Code Colo. Regs. 1001-1; *see also*

§ 24-4-106(2); *Bates v. Henneberry*, 211 P.3d 68, 73 (Colo. App. 2009) (considering the effect of section 24-4-106(2) on proceedings before the Department of Health Care Policy and Financing and determining that a motion for reconsideration did not toll the deadline for seeking judicial review). Either party could have explicitly asked the Commission to change the effective date of the order to the date the Commission decided the motion to reconsider, but neither party did so.[5] *See* § 24-4-105(16)(b); *see also Bethesda Found. of Neb. v. Colo. Dep't of Soc. Servs.*, 877 P.2d 860, 862-63 (Colo. 1994) (determining that, where the decision-maker has the discretion to specify the effective date of its decision, the decision-maker has the power to modify the decision's effective date).

¶ 14    Companies' complaint, filed sixty-nine days after the effective date of the final order and thirty-four days after the June 23 deadline to seek judicial review, was untimely. *See* § 24-4-106(4). As a result, the district court lacked subject matter jurisdiction.

---

[5] On June 24, 2016, one day after the deadline to seek judicial review of the Commission's final order, Companies asked the Commission to stay the final order pending their request for judicial review. The request was denied because any request for judicial review was then untimely.

*See Associated Gov'ts of Nw. Colo.*, ¶ 8; *see also Allen Homesite Grp.*, 19 P.3d at 34.

¶ 15     To the extent that Companies suggest that the untimeliness of their complaint was caused by their reliance on any misrepresentation by the Commission, we reject this contention. We see no indication in the record of any such misrepresentation.

### III.     Conclusion

¶ 16     The plain language of the statutes and rules at issue lead us to conclude that the complaint was untimely and, as a result, the district court lacked subject matter jurisdiction.  Accordingly, the district court had no option but to dismiss.  We therefore reverse the order denying the Commission's motion to dismiss and remand for the district court to enter an order dismissing the action.

JUDGE ASHBY and JUDGE BERGER concur.