24CA0671 Soltani v Dept of Human 03-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0671
State Personnel Board No. 2024B023

---

Jason Soltani,

Complainant-Appellant,

v.

Department of Human Services, Colorado Mental Health Hospital in Pueblo,

Respondent-Appellee,

and

State Personnel Board,

Appellee.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Tow and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

---

Jason Soltani, Pro Se

Philip J. Weiser, Attorney General, Katharine J. Brown, First Assistant Attorney General, Stephen J. Woolsey, Assistant Attorney General, Denver, Colorado, for Respondent-Appellee

No Appearance for Appellee

¶ 1    Jason Soltani appeals an order from the Colorado State Personnel Board (the Board) affirming the dismissal of his untimely appeal for lack of jurisdiction. Because we agree that the Board lacked jurisdiction, we affirm.

## I.    Background

¶ 2    On October 5, 2023, the Colorado Department of Human Services terminated Soltani's employment. That same day, he received a written notice of the termination advising him of his appellate rights and that any appeal "must" be filed with the Board "no later than the tenth calendar day after receipt of this letter." That made Soltani's appeal due no later than October 16.

¶ 3    Through counsel, Soltani sought to appeal his termination to the Board. Though counsel prepared an email to file Soltani's appeal with the Board, for reasons counsel could not explain, the appeal was not filed within the deadline. Counsel ultimately filed Soltani's appeal on October 30 — fourteen days after the deadline had passed.

¶ 4    An administrative law judge rejected Soltani's request to accept the late filing and dismissed the untimely appeal for lack of jurisdiction. The Board affirmed the dismissal.

1

## II. The Board Properly Dismissed the Appeal

¶ 5 Soltani contends that the Board erred by dismissing his appeal for lack of jurisdiction. Specifically, he asserts the Board "misapplied" section 24-50-125(3), C.R.S. 2024, because the statute "never intended that a filing attempted within the expected time frame be denied should that filing fail to go through." And he says that the Board, by concluding otherwise and dismissing his appeal, violated his procedural due process and equal protection rights. We disagree.

¶ 6 When a statute provides a right of review of an administrative decision, the statute is the exclusive means to secure review. *Associated Gov'ts of Nw. Colo. v. Colo. Pub. Utils. Comm'n*, 2012 CO 28, ¶ 8. Failure to strictly comply with the statutory procedure deprives the reviewing body of jurisdiction. *See id.*

¶ 7 Under section 24-50-125(3), Soltani had "ten days after the receipt of the notification" to appeal his disciplinary action before it became "final and not further reviewable." The failure to comply with the deadline deprives the Board of jurisdiction. *See State Pers. Bd. v. Gigax*, 659 P.2d 693, 694 (Colo. 1983) (concluding the "ten-day limitation" is "mandatory" and "a condition precedent to further

action"); *see also Sterling Ethanol, LLC v. Colo. Air Quality Control Comm'n*, 2017 COA 26, ¶ 14 (reversing order denying motion to dismiss for lack of subject matter jurisdiction because the complaint for judicial review was filed beyond the statutory deadline).

¶ 8    Soltani doesn't argue his appeal was timely under section 24-50-125(3).  Instead, he points to language in subsection (3) that permits the Board to extend the ten-day deadline "in unusual cases for good cause shown," *id.*, and contends that his counsel's good faith intent to timely file the appeal is good cause to extend the deadline.[1]  The problem with this argument is that our supreme court has interpreted subsection (3) to require that good cause extension requests be made within the ten-day limit — not after it has expired.  *Gigax*, 659 P.2d at 694 ("[A]n employee dissatisfied with a decision of the Board must file either a petition for review or

---

[1] Though Soltani now asserts that his appeal was not submitted on time due to an "electronic filing error" caused by "Google," "other platforms," and other state court filing systems, the record doesn't support this argument.  Nor do we consider arguments raised for the first time on appeal.  *See Million v. Grasse*, 2024 COA 22, ¶ 53 n.6.

a request for extension of time within the ten-day limit or the decision becomes final.").

¶ 9     Because Soltani did not file his appeal or a request for an extension of time within ten days, his termination became final and unreviewable. *See id.*; § 24-50-125(3). Thus, the Board properly dismissed his untimely appeal for lack of jurisdiction. *See Lanphier v. Dep't of Pub. Health & Env't,* 179 P.3d 148, 153 (Colo. App. 2007) (affirming the Board's dismissal of the employee's appeal because both the notice of appeal and motion for an extension of time were untimely).

¶ 10    Of course, we acknowledge Soltani's frustration. But we have no leeway to extend a strict jurisdictional deadline based on equitable considerations such as mistake, inadvertence, or excusable neglect. *See Brown v. Walker Com., Inc.,* 2022 CO 57, ¶ 46 (holding C.R.C.P. 106(b)'s "twenty-eight-day filing deadline is a strict jurisdictional limitation on Rule 106(a)(4) actions, and so it is not subject to equitable tolling, let alone broader equitable considerations like excusable neglect"); *Cramer v. Indus. Claim Appeals Off.,* 885 P.2d 318, 319 (Colo. App. 1994) (concluding "excusable neglect" and "good cause" for late filing insufficient to

4

overcome statutory jurisdictional limitations).  Similarly, because Soltani had notice of the ten-day appeal deadline, the Board did not violate his procedural due process rights by dismissing his untimely administrative appeal.  *See Vendetti v. Univ. of S. Colo.*, 793 P.2d 657, 658 (Colo. App. 1990); *see also Bourie v. Dep't of Higher Educ.*, 929 P.2d 18, 22 (Colo. App. 1996) (explaining that, in administrative proceedings, procedural due process "requires notice and an opportunity to be heard").

¶ 11    And to the extent Soltani now says that the Board violated his equal protection rights by dismissing his untimely appeal, he doesn't explain how the Board discriminated against him or otherwise treated him differently from other state employees who do not timely seek review of a termination decision.  Because this argument is undeveloped, we decline to consider it.  *See McCauley v. Colo. Dep't of Revenue*, 2022 COA 25, ¶ 7 n.1.

### III.    Disposition

¶ 12    We affirm the order.

JUDGE TOW and JUDGE MEIRINK concur.